PATRICK W. O'CONNOR, DOING BUSINESS AS "THE PLACE," APPELLANT, V. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.

215 N. W. 2d 635

Filed March 7, 1974. No. 39188.

William H. Young, for appellant.

Clarence A. H. Meyer, Attorney General, and Robert R. Camp, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and HASTINGS, District Judge.

WHITE, C. J.

The only question involved in this case is the sufficiency of the evidence to sustain the finding of the District Court that the licensee O'Connor stored alcoholic beverages in an unauthorized area without prior permission from the Nebraska Liquor Control Commission; that he permitted part of the licensed premises of his establishment to be used for gambling; and that he gave false information to law enforcement officers. The District Court dismissed two other charges against the licensee, and reduced the Commission's suspension period from 90 to 45 days. The licensee O'Connor appeals. We affirm the judgment and order of the District Court.

O'Connor personally signed the application for license, which affirmatively stated there was no basement. A diagram was attached to the application showing the dimensions and location of the premises with no basement area shown. The evidence is conclusive that there was a basement, and that liquor was found stored in the basement on inspection by the officers of the Commission after a fire on the premises. O'Connor's only answer is that this failure to show the basement in the application was mere inadvertent error. It is not necessary for us to determine whether the error was by design or inadvertence. Nothing in the statutes or in the rules and regulations of the Commission requires or permits such a distinction. It is beyond argument that it is implicit in the Commission's statutory authority and power to require and place the duty upon the applicant to

submit a truthful application and to conduct his business accordingly. The extent, dimensions, and nature of the premises used in the liquor business is fundamental to the Commission's power to inspect and control the sale of alcoholic liquors. The Commission is entitled to rely upon the written application and is not, as the licensee argues, under a duty to inspect the premises and require the licensee to conform with his application for a license, and correct the diagram accompanying his application for a license.

As to the gambling charge on the licensed premises, the diagram on O'Connor's application indicated that the entire ground floor was part of the licensed premises. It appears without dispute that there was an opening between the front and rear rooms, but after the license had been granted this opening had been walled over and the back room closed off. When the officers went to "The Place" at 5:30 a.m., entrance to this separate room was gained through the rear door, gambling was taking place, money was confiscated, and hard liquor, beer, and an icebox-type cooler were discovered. The building had only one burglar alarm which served the whole premises. The only answer to this complaint is O'Connor's statement that he never intended for this room to be included in his licensed premises. His written application, the walling or the cementing of the opening between the two rooms, and the undisputed facts as to the gambling and the liquor, at a minimum, support the finding of the Commission and of the District Court as to this alleged violation.

With respect to the false information charge, O'Connor told a law enforcement officer that there was no alcohol left after the fire. This is false as a large amount was found in the basement as heretofore noted.

The licensee also argues that the District Court erred in affirming the Commission's order directing that the licensee should make the basement area and the rear por-

tion an addition to his premises, with complete access between the premises known as "The Place" and the rear portion. This order was a reasonable exercise of its regulatory powers and the facts of this case by themselves indicate the mischief sought to be prevented by the proper exercise of its powers in the inspection and policing of the premises described in the application for a license. See, § 53-116, R. R. S. 1943; § 53-129, R. R. S. 1943.

The licensee's license was not revoked. He was disciplined by a suspension of 45 days and was required to conform his premises to his application. It is apparent this judgment was reasonable and within the court's discretion.

The judgment and order of the District Court are correct and are affirmed.

AFFIRMED.