ELEVEN EIGHTEEN CO., A NEBRASKA CORPORATION, DOING BUSINESS AS AQUARIUS LOUNGE, APPELLEE, V. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLANT.

216 N. W. 2d 720

Filed March 28, 1974. No. 39260.

Clarence A. H. Meyer, Attorney General, and Robert R. Camp, for appellant.

Kelley & Kelley by Tom Kelley, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, NEWTON, and CLINTON, JJ., and WHITE, District Judge.

SPENCER, J.

This is an appeal from an order of the District Court modifying the penalty imposed by the Nebraska Liquor Control Commission for a violation of section 53-149, R. S. Supp., 1972, of the Liquor Control Act. We affirm.

Appellee corporation, the stock of which is owned equally by Robert and Helen Dillon, operates the Aquarius Lounge in an entirely commercial area at Seventy-second and Pacific Streets, in Omaha, Nebraska. The appellee has approximately $500,000 invested in the

lounge. From 1968 to May 1, 1970, the liquor license on the premises was in the name of the appellee. Shortly before May 1, 1970, appellee transferred the business to Shirley Bonacci and leased the premises to her. On May 1, 1970, a liquor license was issued in her name.

As of August 1, 1971, Bonacci was approximately $60,000 in arrears on rent. By oral agreement Robert Dillon took charge of the financial end of the business with Shirley's husband, Pete Bonacci, continuing to operate the business. In December of 1971, a person by the name of Mickey Sparano was brought in by Robert Dillon to operate the business. He was to operate it on the same basis as the Bonaccis. The license remained in the name of Shirley Bonacci. In March 1972, appellee filed an application for a Class C license, which was issued effective May 1, 1972. Mickey Sparano continued to operate the business, paying appellee $150 per day for the use of the premises, but in all other respects controlling the business. This operation continued until July 1, 1972, when appellee took over the entire operation of the lounge and put Mickey Sparano on a salary.

The record indicates that during the period from May to September 1972, the operation of the lounge was under discussion with representatives of the commission. On September 25, 1972, after a hearing, the Nebraska Liquor Control Commission revoked the license issued to Eleven Eighteen Company for permitting someone else to operate under its license, and this appeal followed.

The District Court found the violation was within the spirit, although not the letter, of section 53-149, R. S. Supp., 1972, of the Liquor Control Act, and the only question presented was the severity of the penalty. The trial judge concluded the penalty imposed was excessive, and determined an appropriate one would be suspension for 30 days.

Section 53-1,116, R. R. S. 1943, provides, so far as material herein: "(5) Any decision of the commission * * * revoking * * * a license or permit for the sale of alcoholic liquors, including beer, may be reversed, vacated, or modified by the district court of the county where * * * the licensee resides * * *. * * *

"(8) The appeal, provided for or referred to in subsections (5), (6), and (7) of this section, shall be heard and tried de novo in the district court in the manner provided for the trial of suits in equity. Additional testimony may be introduced at the hearing on appeal."

The Nebraska Liquor Control Commission has broad discretion in determining whether applications for licenses should be granted or denied and deciding whether licenses should be suspended or revoked upon violations of the liquor law. T & N P Co., Inc. v. Nebraska Liquor Control Commission (1973), 189 Neb. 708, 204 N. W. 2d 809. This discretion, however, must not be abused. The order of the Nebraska Liquor Control Commission will not be upheld if it is found to be arbitrary or unreasonable. The review of discretion on appeal applies to the findings of fact and all applications of the law, including the penalty assessed.

There is no question the District Judge, on the record from the commission and additional evidence adduced, determined that the action of the Nebraska Liquor Control Commission in assessing the maximum penalty was arbitrary and unreasonable. We cannot say he erred in reaching that conclusion. The judgment of the District Court is affirmed.

AFFIRMED.