LORETTA HADLOCK, DOING BUSINESS AS KOUNTRY KITCHEN, 13 WEST RAILROAD STREET, KEARNEY, NEBRASKA, APPELLANT, v. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.

229 N. W. 2d 887

Filed May 8, 1975. No. 39851.

Andrew J. McMullen, for appellant.

Paul L. Douglas, Attorney General, and Robert R. Camp, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is an appeal from a judgment of the District Court setting aside an order of the Nebraska Liquor Control Commission denying plaintiff a retail liquor license, and remanding the cause to the Nebraska Liquor Control Commission for a new hearing. The plaintiff has appealed. Plaintiff's contentions on appeal are directed solely at the directions to the Liquor Control Commission on remand. Plaintiff contends that the commission should be directed to issue a license to the plaintiff rather than to hold a new hearing.

On July 5, 1974, the plaintiff filed an application for a Class C liquor license with the Nebraska Liquor Control Commission. The application was as an individual, doing business as "Kountry Kitchen," a restaurant in Kearney, Nebraska. Statutory notice of hearing before the council was duly published. On July 23, 1974, the Kearney city council, which has five elected members, held a hearing to consider the application and a recommendation on it by the city to the commission. After oral presentations and discussion, a resolution that the hearing be closed and the council recommend denial of the license was moved and seconded. On the roll call vote, two council members voted aye; one voted nay, one councilman did not vote; and one councilman was absent. On the following day a summary of the council minutes, including the vote upon the resolution, was forwarded to the Nebraska Liquor Control Commission. In the transmittal letter the summary was referred to as "council action relative to hearing on the application of Loretta Hadlock dba 'Kountry Kitchen' * * *."

Upon receipt of the notice of council action, the Liquor Control Commission set the matter for hearing before

the commission on August 7, 1974. Notices of hearing stated that the hearing was being held due to the action of the local governing body recommending denial of the application. The plaintiff was the only witness who appeared at the hearing before the Liquor Control Commission on August 7, and her testimony fully supported the application. The evidence was undisputed that the plaintiff was a fit and proper applicant qualified to hold a retail liquor license. The application and supporting documents and the summary of the resolution of the Kearney city council were introduced by stipulation. There was no other evidence or testimony offered or received. On August 19, 1974, the Nebraska Liquor Control Commission found that the local governing body recommended denial of the application and that the application should be denied and entered its order of denial.

The plaintiff appealed to the District Court. No additional witnesses were called and all prior proceedings were received into evidence. The parties also stipulated that there was no protest filed before the Nebraska Liquor Control Commission in connection with plaintiff's application. The District Court found that the order of denial should be set aside and the matter remanded to the Nebraska Liquor Control Commission for a new hearing de novo with respect to the application of the plaintiff, and entered its judgment accordingly.

Plaintiff has appealed contending that the Liquor Control Commission should be directed to issue a license to the plaintiff rather than to hold another de novo hearing. We agree.

The statutory framework for granting or denial of liquor licenses places the regulatory power exclusively in the Liquor Control Commission except as specifically delegated elsewhere. The basic procedural requirements are spelled out in sections 53-131 through 53-134, R. R. S. 1943. In general the statutes provide that upon receipt of an application for a license at a location in a city, the commission shall notify the municipal clerk of

the receipt of the application and enclose a copy. No license is then to be issued by the commission until the expiration of at least 30 days from the date of mailing the application, during which period the local governing body of such city, village, or county may make and submit to the commission recommendations relative to the granting or refusal to grant such license.

Section 53-134(7), R. R. S. 1943, generally provides that on receipt of the notice and copy of the application by the city, the local governing body shall fix a time and place at which a hearing will be had bearing upon the propriety of the issuance of the license. Notice of the hearing must be published as specified and it must be held within specified time periods. After such hearing, the local governing body shall cause to be spread at large in the minute record of their proceedings a resolution recommending either issuance or refusal of said license. The clerk of the city shall thereupon mail to the commission a copy of the resolution. The section specifically provides that failure to comply with its provisions shall not render void any license issued by the commission.

The critical section involved here is section 53-132(1), R. R. S. 1943, which provides: "Except as provided in subsection (1) of section 53-133, upon the expiration of thirty days from the date of mailing notice, as provided in section 53-131, the commission shall cause a retail license to be signed by its chairman, attested by its secretary over the seal of the commission and issued in the manner provided in subsection (2) of this section as a matter of course."

Subsection (1) of section 53-133, R. R. S. 1943, provides: "(1) The commission shall set for hearing before it any application for a retail license relative to which it has received:

"(a) Within thirty days from the date of mailing such application * * * a recommendation of denial from the city, village, or county, as the case may be;

"(b) Within three days after the receipt of a recommendation from the city, * * * or, if no recommendation is received, within thirty days from the date of mailing such application to the city, village, or county clerk, objections in writing by not less than three persons residing within said city, village, or county, as the case may be, protesting the issuance of said license * * *.

"(c) Within thirty days from the date of mailing such application * * * objections by any one of the duly appointed inspectors of the commission, protesting the issuance of said license."

It is stipulated that no objections were filed and provisions (b) and (c) are therefore not involved here.

The plaintiff contends that the purported action of the city council of Kearney here was a nullity and was ineffective to constitute a recommendation of denial from the city, and therefore section 53-132, R. R. S. 1943, was applicable and required the issuance of the license as a matter of course.

Rule 3 of the rules of proceedings of the Kearney city council provides: "Quorum; when majority vote required. Three members of the council shall constitute a quorum. A majority vote of all members elected shall be required to pass any measure or elect to any office." Identical language is found in section 19-615, R. S. Supp., 1974.

Section 16-404, R. S. Supp., 1974, provides: "All ordinances and resolutions or orders for the appropriation or payment of money shall require for their passage or adoption the concurrence of a majority of all members elected to the council * * *."

Section 53-134, R. R. S. 1943, requires from the local governing body "a resolution recommending either issuance or refusal of said license." Under the statutes and rules applicable to the City of Kearney, a resolution recommending either issuance or refusal of a retail liquor license by the Nebraska Liquor Control Commission requires for adoption a majority vote of all elected

members of the city council. The vote here was clearly ineffective to constitute any official action of the governing body. It did not constitute a recommendation of denial from the city as specified in section 53-133 (1) (a), R. R. S. 1943, nor did it require that a hearing be set in accordance with the mandatory requirement of that section. This does not mean, however, that the Nebraska Liquor Control Commission had no authority to set the matter for hearing and hold a hearing under these circumstances. The commission should not be required to verify the validity and accuracy of reports received from the clerks of governing bodies of cities, villages, and counties as to official action of such governing bodies before setting and holding an authorized or mandated hearing. The power to regulate and control alcoholic liquors is vested exclusively in the Nebraska Liquor Control Commission except as specifically provided otherwise by statute. Where the Liquor Control Commission, within statutory time limitations, receives written allegations or evidence of facts which, if true, could constitute valid grounds for denial of a pending application for a retail liquor license, the commission has authority to require and hold a hearing on such application.

The Nebraska Liquor Control Commission is vested with discretion in the granting or denial of retail liquor licenses, but it may not act arbitrarily or unreasonably. Its discretion is to be exercised reasonably and not whimsically nor capriciously. As in the case of other administrative bodies, the Nebraska Liquor Control Commission, after an administrative hearing, must base its findings and orders on a factual foundation in the record of the proceedings, and the record must show some valid basis on which a finding and order may be premised. Where the record of the proceedings contains no evidence to justify an order, the action must be held to be unreasonable and arbitrary. See, Eleven Eighteen Co. v. Nebraska Liquor Control Commission, 191 Neb. 572,

216 N. W. 2d 720; Brandeis Inv. Co. v. State Board of Equalization & Assessment, 181 Neb. 750, 150 N. W. 2d 893; Godden v. Department of Public Welfare, *ante* p. 269, 226 N. W. 2d 627.

In an administrative hearing on an application for a retail liquor license not required by subsection (1) of section 53-133, R. R. S. 1943, where the evidence fails to establish any valid grounds for denial of the application, the provisions of section 53-132(1), R. R. S. 1943, require the Nebraska Liquor Control Commission to cause a license to be issued in the manner provided by law as a matter of course. See, also, State ex rel. Smith v. Nebraska Liquor Control Commission, 152 Neb. 676, 42 N. W. 2d 297.

Here the Nebraska Liquor Control Commission found that the local governing body had recommended denial of the application, and it based its own decision on that assumed fact. If true, that fact would have constituted valid grounds for denial of the application. However, there is no evidence to support that finding, nor is there any other evidence in the record which could have constituted valid grounds for denial. To the contrary, the evidence established that the purported recommendation of denial by the city counsel was wholly ineffective to constitute official action by the city. At best it could only be treated as a failure to act. Under such circumstances, the order of denial was arbitrary and unreasonable.

The District Court was entirely correct in setting aside the order of denial. Under the facts here, however, on remand the commission should have been directed to issue a license to the applicant in the manner provided by law as a matter of course. Section 53-1,116(5), R. R. S. 1943, provides in part: "Any decision of the commission granting or refusing to grant * * * a license or permit for the sale of alcoholic liquors, * * * may be reversed, vacated, or modified by the district court of the county where the applicant for a license * * * re-

sides * * * on appeal by any party to the hearing or rehearing before the commission." The directions on remand here should therefore be modified.

The judgment of the District Court in setting aside the order of the Nebraska Liquor Control Commission denying plaintiff's application for a retail liquor license was correct and is affirmed. The directions of the District Court to the Nebraska Liquor Control Commission on remand are vacated, and the cause is remanded to the District Court with directions to remand the cause to the Nebraska Liquor Control Commission with directions to cause a retail liquor license to be issued to the plaintiff in the manner provided by law as a matter of course. As so modified, the judgment of the District Court is affirmed.

AFFIRMED AS MODIFIED.