JERRY BRANNEN, DOING BUSINESS AS ALMA JACK & JILL, APPELLANT, v. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.

294 N. W. 2d 376

Filed July 8, 1980. No. 42957.

Edward F. Carter, Jr. of Barney & Carter, P.C., for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

The Nebraska Liquor Control Commission denied plaintiff's application for an off-sale beer license for the reason that "the local governing body was opposed to the issuance of this license." On appeal by the plaintiff to the District Court for Harlan County, Nebraska, that court reversed the decision and remanded the matter back to the Commission for further proceedings "to determine by competent evidence the specific nature of the action taken by the Alma City Council." The plaintiff has appealed that decision.

Plaintiff's application for the license involved was in all respects regular. At the hearing before the Commission, he was the only witness to testify and from that testimony it could be concluded that he was a fit and proper applicant to hold such a license. The proceedings before the Alma, Nebraska, city council were received into evidence as one exhibit. Included within the exhibit was a copy of the published legal notice advising of the plaintiff's application and a hearing date, and several letters which simply objected to the issuance of additional licenses. Also received as a part of that exhibit was

a letter from the city clerk addressed to the Commission, reciting in narrative form the testimony given by several citizens repeating the same general objection contained in the letters. Finally, the letter reported the action of the city council to be that "a majority of the members voted against the approval of the Off-Sale beer application." The record as made before the Commission was the only evidence introduced on appeal to the District Court.

We stated in *72nd Street Pizza, Inc. v. Nebraska Liquor Control Commission*, 199 Neb. 729, 738-39, 261 N.W.2d 614, 619 (1978), "that the recommendation of the city council to the commission that a license be denied affords a sufficient evidentiary basis for an order of the commission denying the license." We have also stated that a resolution of a city council recommending approval of a license which is defeated because of failure to receive a majority vote is ineffective to constitute any official action and amounts to no recommendation at all upon which the Commission may deny a license. *Joe and Al's IGA, Inc. v. Nebraska Liquor Control Commission*, 203 Neb. 176, 277 N.W.2d 693 (1979).

Finally, in *Hadlock v. Nebraska Liquor Control Commission*, 193 Neb. 721, 228 N.W.2d 887 (1975), we held that the Commission "must base its findings and orders on a factual foundation in the record . . . and the record must show some valid basis on which . . . [an] order may be premised." *Id.* at 727, 228 N.W.2d at 891. We acknowledge that the Commission had found in that case that the local governing body had recommended denial of the application. We further agreed that the Commission had based its own decision on that fact which, if true, would have constituted valid grounds for its action. However, we found that the purported recommendation of denial by the city council, because of a requirement of the local ordinances, was "wholly ineffective to constitute official action by the city." *Id.* at

728, 228 N.W.2d at 892. We, therefore, concluded that there was no evidence to support the conclusion reached by the Commission nor was there "any other evidence in the record which could have constituted valid grounds for denial." *Id.* at 728, 228 N.W.2d at 892.

On the basis of *Hadlock*, we have no hesitancy in saying that, where the Commission intends to rely upon a recommendation of denial by the local governing body to support its refusal to grant a liquor license, the burden is upon the Commission to furnish evidence of such action in the record. If it fails to adduce any evidence of that action, or if the evidence lacks sufficient clarity to enable one to determine what that action was, the Commission has failed to satisfy the burden of proof in that regard and it is not entitled to another opportunity to satisfy that deficiency.

We agree with the trial judge that the evidence makes it unclear whether the Alma city council failed to pass a resolution to approve the license application or passed a resolution recommending denial of the same, and, therefore, the Commission failed to satisfy its burden of proof to support a recommendation of denial. The only other evidence unfavorable to the granting of the license was statements of citizens questioning the need for an additional license in the community. That is not a sufficient reason to deny an otherwise proper application for a license. *Joe and Al's IGA, Inc., supra.*

The District Court was correct in reversing the decision of the Commission which had denied plaintiff's application for an off-sale beer license. However, the District Court should not have remanded the cause to the Nebraska Liquor Control Commission for further proceedings, but rather with directions that the Commission cause an off-sale beer license to be issued to the plaintiff in the manner provided by law. We order the cause re-

manded to the District Court accordingly.

The judgment of the District Court is affirmed as modified.

. AFFIRMED AS MODIFIED.

CLINTON, J., dissents.