JACK DEAN BOND, J.B. ENTERPRISES,
DOING BUSINESS AS SHORT STOP, APPELLANT, V.
NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.

316 N.W.2d 600

Filed February 26, 1982.   No. 43784.

Kelley, Wallace, Scritsmier, Moore, Romatzke & Byrne, P.C., for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf for appellee.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

This is an appeal from a judgment entered by the District Court for Lincoln County, Nebraska, affirming an order entered by the Nebraska Liquor Control Commission (Commission) which had denied the appellant, Jack Dean Bond (Bond), a permit to sell beer at retail off-sale at Bond's convenience store in North Platte, and known as the Short Stop. We believe that the record will not support the action of either the Commission or the District Court, and accordingly we reverse and remand with directions.

This case does not present any new or unique issues of law, and our decisions in both *Hadlock v. Nebraska Liquor Control Commission*, 193 Neb. 721, 228 N.W.2d 887 (1975), and *Joe and Al's IGA, Inc. v. Nebraska Liquor Control Commission*, 203 Neb. 176, 277 N.W.2d 693 (1979), effectively dispose of the issues raised.

Bond has owned and operated the Short Stop, a convenience store in North Platte, Nebraska, since March 1, 1979. His store carries a limited line of groceries, drugs, and beauty care aids. In addition, he sells oil, gasoline, and some automotive accessories from 7 a.m. until 11 p.m., 7 days a week.

On or about October 16, 1979, Bond applied to the Nebraska Liquor Control Commission for a retail, off-sale only, beer license. Notice was given the city of North Platte, as required by Neb. Rev. Stat. § 53-131 (Reissue 1978), and a hearing was held before the city

council on November 6, 1979. The purpose of the hearing was to permit the council to make recommendation to the Commission, pursuant to the provisions of Neb. Rev. Stat. § 53-134 (Reissue 1978). At the time of the hearing on November 6, 1979, the North Platte city council consisted of eight elected members. Only five of the eight members, however, were present at the meeting. The significance of this will be discussed later. One member of the council moved that the council approve the license in question. That motion died for lack of a second. It was then moved that the council deny approval of the application. That motion passed on a vote of four in favor and one against. The recommendation of the city council denying the license was forwarded to the Commission, as required by statute.

On February 27, 1980, a hearing was held before the Commission, at which time the parties stipulated that Bond had met all of the qualifications required for the granting of the retail license except for the fact that (1) the local governing body recommended denial; (2) the applicant had not shown a need within the community for the license pursuant to rule 2 of the rules of the Nebraska Liquor Control Commission; and (3) if Bond intended to dispense gasoline on the premises, he would be in violation of rule 13 of the rules of the Nebraska Liquor Control Commission which prohibited the sale of beer on premises selling gasoline except where the applicant could show "exceptional need beyond general convenience or service to the public" for the license. Following the hearing the Commission denied the application for the license and gave the following reasons: (1) That the local governing board recommended denial of the application; (2) That the applicant dispenses gasoline at this location; (3) That the applicant has failed to demonstrate an extraordinary need sufficient to satisfy the requirements of rule 13; and (4) That for each of the reasons set forth above, separately and collectively, the application should be denied.

On appeal to the District Court, the action of the Commission was affirmed.

We will address each of the issues in the order in which they were addressed by the Commission.

We begin our analysis by first setting out the standard of review in this court with regard to the actions of the Commission. "The Nebraska Liquor Control Commission is vested with discretion in the granting or denial of retail liquor licenses, but it may not act arbitrarily or unreasonably. Its discretion is to be exercised reasonably and not whimsically nor capriciously. As in the case of other administrative bodies, the Nebraska Liquor Control Commission, after an administrative hearing, must base its findings and orders on a factual foundation in the record of the proceedings, and the record must show some valid basis on which a finding and order may be premised. Where the record of the proceedings contains no evidence to justify an order, the action must be held to be unreasonable and arbitrary." *Hadlock v. Nebraska Liquor Control Commission*, 193 Neb. 721, 727, 228 N.W.2d 887, 891 (1975). See, also, *Brannen v. Nebraska Liquor Control Commission*, 206 Neb. 662, 294 N.W.2d 376 (1980); *Joe and Al's IGA, Inc. v. Nebraska Liquor Control Commission*, 203 Neb. 176, 277 N.W.2d 693 (1979); *J K & J, Inc. v. Nebraska Liquor Control Commission*, 194 Neb. 413, 231 N.W.2d 694 (1975).

Turning then to the issue regarding the recommendation of denial by the city council, we find that the record clearly establishes that the action of the North Platte city council in recommending denial was, for all purposes, a legal nullity and therefore not a denial. Ordinance No. 1-402 of the city council of North Platte requires the attendance of two-thirds of all elected council members to constitute a quorum for the transaction of business. Because the council consists of eight, a quorum is not present unless there are at least six members of the council. As we have already noted, in this case there were only five members present and

therefore a quorum was not present when the council sought to act. A similar situation was presented to us in the *Hadlock* case where the city council of the city of Kearney was involved. There the council was made up of five members. The ordinance then in effect required that a majority of all members elected vote in favor of a matter in order for it to pass. On a rollcall vote, two council members voted yes, one voted no, one did not vote, and one was absent. We found that the action of the council was ineffective, saying in *Hadlock, supra* at 728, 228 N.W.2d at 891-92: "Here the Nebraska Liquor Control Commission found that the local governing body had recommended denial of the application, and it based its own decision on that assumed fact. If true, that fact would have constituted valid grounds for denial of the application. However, there is no evidence to support that finding, nor is there any other evidence in the record which could have constituted valid grounds for denial. To the contrary, the evidence established that the purported recommendation of denial of the city counsel [sic] was wholly ineffective to constitute official action by the city. At best it could only be treated as a failure to act. Under such circumstances, the order of denial was arbitrary and unreasonable." Because a quorum was not present, the action of the city council of North Platte was ineffective and should have been disregarded by the Commission. The Commission's finding regarding the action of the city council is not supported by the record.

Turning now to the Commission's finding that Bond had not demonstrated need as required by rule 2, we need only look at our holding in *Joe and Al's IGA, Inc., supra*, where a similar argument was made and a similar finding made by the Commission. In rejecting the Commission's claim that need was a valid criteria, we said at 182-83, 277 N.W.2d at 697: "Nowhere in the statutes relating to the liquor laws is there any such requirement. . . . Absence of need alone is not a sufficient reason to deny an otherwise proper application

for a liquor license." The Commission's second finding must therefore be disregarded.

This then brings us to the final basis upon which the license was denied. Rule 13 provides that if gasoline and liquor are to be sold on the same premises, a showing of "exceptional need beyond general convenience or service to the public" must be made. It seems to follow, as the day follows the night, that if rule 2 is not valid because nowhere in the statutes is there any requirement to show ordinary need, then likewise nowhere in the statutes is there any requirement to show "exceptional need." An administrative agency is limited in its rule-making authority to the powers granted to the agency by the statutes which they are to administer. See *Lincoln Dairy Co. v. Finigan*, 170 Neb. 777, 104 N.W.2d 227 (1960).

When the bases upon which the Commission acted in denying the application are examined and rejected, as the law requires them to be, we are left only with the stipulation of the parties that the applicant has met all of the requirements for obtaining a license. On that basis, then, there can be no other conclusion but that the action of the Commission in refusing the license was arbitrary and capricious and must be reversed.

The action of the Nebraska Liquor Control Commission in denying the license and the action of the District Court affirming its denial are reversed and remanded with directions to issue the license in accordance with applicable laws.

REVERSED AND REMANDED WITH DIRECTIONS.