COUNTY CORK, INC., DOING BUSINESS AS COUNTY CORK LIQUOR, APPELLANT, V. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.

550 N.W.2d 913

Filed June 28, 1996.  No. S-95-1395.

Donald L. Dunn and Timothy L. Moll, of Rembolt Ludtke & Berger, for appellant.

Don Stenberg, Attorney General, and Laurie Smith Camp for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

The question presented is whether the powers statutorily granted to the Nebraska Liquor Control Commission (Commission) allow the regulation of illegal acts not directly related to the sale, manufacture, or distribution of liquor. County Cork, Inc., appeals from an order of the district court for Lancaster County affirming an order of the Commission suspending the liquor license of County Cork. The basis of the suspension order was a criminal citation issued to an employee of County Cork for selling tobacco to a minor. As we find that the Commission exceeded its statutory power in enforcing the regulation under which it suspended County Cork's license, we reverse.

## FACTUAL BACKGROUND

According to the evidence presented to the Commission, Officer Dan Plautz of the Nebraska State Patrol conducted a series of tobacco compliance checks at a number of liquor stores in Lincoln, Nebraska, on October 24, 1994. Plautz

drove a cooperating 17-year-old female to the liquor stores and instructed her to attempt to purchase cigarettes with her own identification. After showing identification, the cooperating individual purchased cigarettes at the County Cork Liquor store at 2702 South Street. After she left the store and gave the cigarettes to Plautz, Plautz issued a criminal citation to the County Cork employee for selling tobacco products to a minor in violation of Neb. Rev. Stat. § 28-1419 (Reissue 1995).

At the time at which this citation was given, a regulation of the Commission provided: "Other Illegal Activities. No activity prohibited by any provision of the Nebraska Law or Local Ordinance shall be conducted on or about any premises licensed under the Nebraska Liquor Control Act." 237 Neb. Admin. Code, ch. 6, § 019.01Q (March 29, 1994). Pursuant to this regulation, the Commission notified County Cork that it would hold a hearing to determine whether County Cork had violated the "Other Illegal Activities" regulation.

On January 5, 1995, the Commission held a hearing at which County Cork moved to dismiss the charges against it on the grounds that the regulation prohibiting "Other Illegal Activities" was overly broad and exceeded the Commission's rulemaking authority. The motion was denied. At the time of this hearing, the underlying criminal charge against the County Cork employee had not been adjudicated. Nevertheless, on January 31, the Commission entered an order finding that County Cork had violated the "Other Illegal Activities" regulation by selling tobacco to a minor. The Commission suspended County Cork's liquor license for 1 day and assessed court costs of $45 against County Cork.

County Cork timely appealed to the district court for Lancaster County, and the district court affirmed the order of the Commission. We granted County Cork's petition to bypass the Nebraska Court of Appeals.

## ASSIGNMENTS OF ERROR

County Cork argues that the district court erred in affirming the order of the Commission because (1) the "Other Illegal Activities" regulation is facially invalid and unenforceable as an attempt by the Commission to regulate beyond the author-

ity granted to it by statute, (2) it is beyond the power and authority of the Commission to enforce the "Other Illegal Activities" regulation against County Cork for selling tobacco to a minor, and (3) the order deprives County Cork of property without due process of law in violation of article I, § 3, of the Constitution of the State of Nebraska and the 5th and 14th Amendments to the U.S. Constitution.

## STANDARD OF REVIEW

Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *In re Interest of Archie C., ante* p. 123, 547 N.W.2d 913 (1996); *Solar Motors v. First Nat. Bank of Chadron*, 249 Neb. 758, 545 N.W.2d 714 (1996); *In re Estate of Soule*, 248 Neb. 878, 540 N.W.2d 118 (1995); *In re Interest of Lisa O.*, 248 Neb. 865, 540 N.W.2d 109 (1995).

## ANALYSIS

There are two related but distinct doctrines concerning the limitations on the delegation of powers upon an administrative agency. The first, and more common, problem is that of delegating legislative authority upon an administrative agency. We have previously held certain amendments to the Nebraska Liquor Control Act (Act) to be unconstitutional as delegations of legislative authority upon an administrative agency. See, *Kwik Shop v. City of Lincoln*, 243 Neb. 178, 498 N.W.2d 102 (1993); *Bosselman, Inc. v. State*, 230 Neb. 471, 432 N.W.2d 226 (1988).

However, this appeal does not present the delegation problem. Instead, we must determine whether the Commission exceeded its statutorily based rulemaking authority in promulgating the "Other Illegal Activities" regulation.

The Commission is statutorily created and empowered. We have previously noted that a legislative enactment may properly confer general powers upon an administrative agency and delegate to the agency the power to make rules and regulations concerning the details of the legislative purpose. *State ex rel. Douglas v. Nebraska Mortgage Finance Fund*, 204 Neb. 445, 283 N.W.2d 12 (1979). However, an administrative agency is

limited in its rulemaking authority to powers granted to the agency by the statutes which they are to administer, and it may not employ its rulemaking power to modify, alter, or enlarge portions of its enabling statute. *Bond v. Nebraska Liquor Control Comm.*, 210 Neb. 663, 316 N.W.2d 600 (1982).

In order to ascertain the powers delegated to the Commission, we must interpret its enabling legislation. Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Solar Motors v. First Nat. Bank of Chadron, supra*; *In re Estate of Soule, supra*.

ENABLING LEGISLATION

As a number of statutory enactments relating to the Act have been declared to be unconstitutional, we will set forth only the relevant version of each provision granting powers to the Commission. See, *Bosselman, Inc. v. State*, 230 Neb. 471, 432 N.W.2d 226 (1988); *Kwik Shop v. City of Lincoln*, 243 Neb. 178, 498 N.W.2d 102 (1993).

Neb. Rev. Stat. § 53-101.01 (Reissue 1988) was amended by the following legislative enactments: L.B. 781 in 1989, L.B. 344 in 1991, and L.B. 183 in 1993. In *Kwik Shop v. City of Lincoln, supra*, we declared L.B. 781 to be unconstitutional in its entirety. L.B. 344 was an amendment to the version of the statute enacted as L.B. 781. Furthermore, the language of § 53-101.01, as amended by L.B. 183, is substantially similar to that found to be unenforceable in *Kwik Shop*. Additionally, L.B. 183 was adopted 2 months before *Kwik Shop* was decided; thus the statutory changes cannot be said to have been an effort to cure the constitutional infirmities addressed in *Kwik Shop*. See, *Marting v. Nebraska Liquor Control Comm., ante* p. 134, 548 N.W.2d 326 (1996); *Gas 'N Shop v. Nebraska Liquor Control Comm.*, 241 Neb. 898, 492 N.W.2d 7 (1992).

As we concluded in *Marting*, when an amendatory act uses language substantially similar to that found to be unenforceable and statutory changes were not made in response to the court's previous opinion, that statutory section will likewise be

found unenforceable. When an amendatory act is invalid, the previous statute on the subject remains in full force and effect. *Marting v. Nebraska Liquor Control Comm., supra*; *Kwik Shop v. City of Lincoln, supra*. Thus, the controlling version of this statute is found at § 53-101.01 (Reissue 1988):

It is hereby declared to be the policy of the Legislature to: (1) Regulate the transportation or importation of alcoholic liquor into this state when such alcoholic liquor is intended for delivery or use within the state; (2) promote adequate, economical, and efficient service by licensees selling alcoholic liquor within the State of Nebraska, without unjust or undue discrimination, preference, or advantage; (3) generate revenue by imposing an excise tax upon alcoholic liquor; and (4) *promote the health, safety, and welfare of the people of the State of Nebraska and encourage temperance in the consumption of alcoholic liquor by sound and careful control and regulation of the manufacture, sale, and distribution of alcoholic liquor.*

(Emphasis supplied.) Neb. Rev. Stat. § 53-101.05 has not been amended by any statutes subsequently found unenforceable. Therefore, the relevant version is § 53-101.05 (Reissue 1993):

The Nebraska Liquor Control Act shall be liberally construed to the end that the health, safety, and welfare of the people of the State of Nebraska are protected and temperance in the consumption of alcoholic liquor is fostered and promoted by sound and careful control and regulation of the manufacture, sale, and distribution of alcoholic liquor.

Furthermore, Neb. Rev. Stat. § 53-116 was also amended by L.B. 781 and L.B. 183, and for the reasons set forth above with regard to § 53-101.01, we find that the applicable version is § 53-116 (Reissue 1988), which provides: "The power to regulate all phases of the control of the manufacture, distribution, sale, and traffic in alcoholic liquors, except as specifically delegated in this act, is hereby vested exclusively in the commission."

Neb. Rev. Stat. § 53-118 (Reissue 1993) has not been amended by invalid statutory enactments; therefore, § 53-118

(Reissue 1993) is applicable and allows the Commission to adopt and promulgate rules and regulations as follows:

> The commission shall adopt and promulgate rules and regulations to carry out the Nebraska Liquor Control Act. The rules and regulations shall include, among such other things as the commission may determine, provisions: (1) Prescribing conditions as to the issuance of duplicate licenses in lieu of those lost or destroyed; (2) *determining for which violations of the rules and regulations licenses shall be suspended, canceled, or revoked;* (3) establishing standards of purity, sanitation, honest advertising, and representation; and (4) *covering any and all the other details which are necessary or convenient to the enforcement of the intent, purpose, and requirements of the act.*

(Emphasis supplied.)

The Act empowers the Commission to regulate the distribution, sale, and traffic in liquor throughout the state. However, we find no express grant which specifically allows the Commission to pass regulations directing other activities of its licensees. We recognize that §§ 53-101.01 and 53-101.05 contain certain language that the Commission should promote the "health, safety, and welfare of the people of the State of Nebraska"; however, we note that in each of these statutes, the seemingly broad language is followed by the following language: "by sound and careful control and regulation of the manufacture, sale, and distribution of alcoholic liquor." In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Baker's Supermarkets v. State*, 248 Neb. 984, 540 N.W.2d 574 (1995); *Omaha Pub. Power Dist. v. Nebraska Dept. of Revenue*, 248 Neb. 518, 537 N.W.2d 312 (1995); *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995). We conclude that the purpose and intent of the Legislature in referencing the "health, safety, and welfare of the people of the State of Nebraska" was concerned only with the Legislature's regulation of the manufacture, sale, and distribution of alcoholic liquor. Thus, any regulation affecting

the health, safety, and welfare, which goes beyond regulating the manufacture, sale, and distribution of alcoholic liquor, is beyond the statutory grant.

However, § 53-118 empowers the Commission to promulgate rules and regulations "covering any and all the other details which are necessary or convenient to the enforcement of the intent, purpose, and requirements of the act."

### NECESSARY AND CONVENIENT UNDER § 53-118

The Commission contends that the "Other Illegal Activities" regulation fits within its statutory grant of power as a detail "necessary or convenient to the enforcement of the intent, purpose, and requirements of the act." In fact, the Commission argues that we have previously sanctioned the regulation of illegal activities by the Commission. In *O'Connor v. Nebraska Liquor Control Commission*, 191 Neb. 436, 215 N.W.2d 635 (1974), we affirmed the suspension of a liquor license based upon the storage of alcoholic beverages in an unlicensed basement area of the establishment, the permission of gambling on the premises, and the giving of false information to a law enforcement officer. Although we affirmed the suspension on each of these three grounds, we did not specifically consider whether the Commission had the authority to suspend a license for conducting illegal activities.

The Commission also cites *Major Liquors, Inc. v. City of Omaha*, 188 Neb. 628, 198 N.W.2d 483 (1972), a case in which we upheld the constitutionality of a city ordinance providing for the revocation of liquor licenses if topless dancing was permitted on the licensed premises. Again, in *Major Liquors, Inc.*, we were not concerned with the power of the city to regulate, but with whether the ordinance violated the First Amendment or the Equal Protection Clause. Even so, we recognized a clear nexus between topless dancing and alcohol consumption.

On the other hand, we have previously found that the Commission had exceeded its statutory authority in promulgating rules requiring an applicant to show either need or exceptional need in order to obtain a license. *Bond v. Nebraska Liquor Control Comm.*, 210 Neb. 663, 316 N.W.2d

600 (1982). In *Bond*, the owner of a convenience store, which also sold gasoline, applied to the Commission for a retail, off-sale only, beer license. The Commission denied the application for the license because a rule promulgated by the Commission required a showing of " 'exceptional need beyond general convenience or service to the public' " if gasoline and liquor are to be sold on the same premises. *Id.* at 668, 316 N.W.2d at 602. We determined that the statutes required a showing of neither ordinary need nor exceptional need, and we stated that "[a]n administrative agency is limited in its rule-making authority to the powers granted to the agency by the statutes which they are to administer." *Id.* at 668, 316 N.W.2d at 603. Furthermore, despite the seemingly broad language of "necessary or convenient to the enforcement of the intent, purpose, and requirements of the act," we determined in *Terry Carpenter, Inc. v. Nebraska Liquor Control Com.*, 175 Neb. 26, 120 N.W.2d 374 (1963), that the Commission did not have the authority to regulate prices in the liquor industry.

We have also limited the rulemaking authority of other administrative agencies when we have found that they exceeded their statutory grant of power. We held in *State ex rel. Marsh v. Nebraska St. Bd. of Agr.*, 217 Neb. 622, 350 N.W.2d 535 (1984), that the State Racing Commission had no statutory authority to enact rules and regulations extinguishing the rights of holders of unclaimed parimutuel tickets. Also, in *Clemens v. Harvey*, 247 Neb. 77, 525 N.W.2d 185 (1994), we held that the Department of Social Services (DSS) had exceeded its statutory authority when it eliminated caretaker relatives from eligibility for a medical assistance program. In *Clemens*, we acknowledged that the Legislature may delegate to an administrative agency the power to make rules and regulations to implement the policy of a statute, but this delegated authority is limited to the powers delegated to the agency by the statute which the agency is to administer. Finding no specific statutory authority for the action of DSS, we held that DSS exceeded its mandate.

Furthermore, in *State ex rel. Spire v. Stodola*, 228 Neb. 107, 421 N.W.2d 436 (1988), we found that the Department of

Public Institutions had exceeded the authority actually delegated to it by the Legislature by passing a regulation expanding the class of persons to which a statute on ability to pay for services applied. In *County of Dodge v. Department of Health*, 218 Neb. 346, 355 N.W.2d 775 (1984), we found that the health care certificate of need appeal panel had exceeded its statutory authority in interpreting its rules and regulations to disallow the leasing of hospital equipment. We held that it was inappropriate to add a criterion of need that was not specifically authorized by the statute.

However, we have not always found that an agency has exceeded its statutory authorization. In *Cornhusker Christian Ch. Home v. Dept. of Soc. Servs.*, 227 Neb. 94, 112, 416 N.W.2d 551, 563 (1987), we found that a DSS regulation prohibiting corporal punishment in licensed day-care centers had a direct relationship to DSS' authorization to make rules and regulations " 'as it shall deem necessary for . . . the proper care and protection of children.' " We found that the DSS regulation had a *direct relationship* to the concepts of both child care and child protection.

We conclude that in order for a regulation to be "necessary or convenient" to the enforcement of the Act, the Commission must show some nexus between the "Other Illegal Activities" and alcoholic liquors. County Cork argues that to enforce the "Other Illegal Activities" regulation would lead to absurd results. For example, County Cork asserts that the Commission could suspend a license if a licensee erected a sign without a proper permit, or violated the local plumbing code. We agree that such a rule could result in a licensee being disciplined with numerous activities not connected to the sale of alcohol.

The statutory grant of power to the Commission allows the Commission to regulate the "manufacture, sale, and distribution and traffic of alcoholic liquors," and not every activity which occurs upon the licensed premises. The regulation of all illegal activities on premises licensed by the Commission is not encompassed within the Commission's general grant of power. An administrative agency is limited in its rulemaking authority to powers granted to the agency by the statutes which

they are to administer, and may not employ its rulemaking power to modify, alter, or enlarge portions of its enabling statute. *Bond v. Nebraska Liquor Control Comm.*, 210 Neb. 663, 316 N.W.2d 600 (1982).

It is within the domain of the Legislature to grant broad sweeping powers with regard to the regulation of other illegal activities to the Commission. However, we have found no such grant of authority under the present enabling legislation. Finding no statutory authorization for the "Other Illegal Activities" regulation, we decide that the Commission exceeded its statutory grant of power by promulgating the regulation.

Because we conclude that the Commission's "Other Illegal Activities" regulation exceeds its statutory authority, we need not reach County Cork's other assigned errors.

### CONCLUSION

The Commission exceeded its statutory authority in promulgating the "Other Illegal Activities" regulation. As the regulation under which County Cork's license was suspended is invalid, we reverse the district court's affirmance of the Commission's order suspending County Cork's license.

REVERSED.