REQUESTED BY: R. L. Coyne, Chairman Nebraska Liquor Control Commission
Dear Mr. Coyne:
You have asked for our opinion regarding the power of the Nebraska Liquor Control Commission to take action against liquor licensees who sell alcoholic beverages to customers for consumption off the premises, when those customers later commit illegal activities off the licensed premises.
You have phrased your questions as follows:
 (1) Is [there] any merit to the position . . . that all sales of beer in Whiteclay, N.E. are illegal because there is no place such beer can be legally consumed by the purchaser,
and
 (2) Whether a Whiteclay, N.E. licensee is responsible for any illegal activities that individuals who purchased beer from such licensee might participate in outside the licensed premises.
Because this office may only provide its opinion regarding the Commission's powers and duties, and may not provide opinions or advice to the licensees themselves, our response addresses the issue of what powers and duties the Commission has in the event that a liquor licensee sells alcoholic beverages to a customer who later consumes the beverages unlawfully or engages in other illegal activities away from the licensed premises.
The Nebraska Supreme Court has found that liquor licenses are property interests which are entitled to protection under theFifth and Fourteenth Amendments to the U.S. Constitution and art. I, § 3, of the Nebraska Constitution. Bosselman, Inc. v. State,239 Neb. 471 (1988); Pump Pantry v. City of Grand Island,233 Neb. 191 (1989). In Pump Pantry, the Supreme Court found that an existing licensee had a right to renew its liquor license if (1) the licensee continued to meet the qualification requirements of Neb. Rev. Stat. § 53-125; (2) the premises were the same as those designated on the initial license; and (3) the premises were still suitable for the sale of alcohol in accordance with the requirements which existed at the time of the initially-issued license. The Court found that licensees were not on the same footing as initial applicants, but had statutorily and constitutionally protected interests. Id. at 197-98.
Neb. Rev. Stat. § 53-116.01 (1998) provides:
 The commission and local governing bodies shall cause frequent inspection to be made on the premises of all retail licensees and bottle club licensees, and if it is found that any such licensee is violating any provision of the Nebraska Liquor Control Act or the regulations of the commission promulgated under the act or is failing to observe in good faith the purposes the act, the license may be suspended, canceled, or revoked after the licensee is given an opportunity to be heard in his or her defense.
Neb. Rev. Stat. § 53-177.08 (1998) provides:
 The license of any licensee who violates any of the provisions of the Nebraska Liquor Control Act shall be suspended, canceled, or revoked. If any licensee violates the regulations adopted and promulgated by the commission or any lawful ordinance of the local governing body, the commission may, after proper hearing, suspend, cancel, or revoke the license.
In Grand Island Latin Club v. Nebraska Liquor Control Commission,251 Neb. 61 (1996), the Nebraska Supreme Court found that these two sections give the Commission the authority to suspend, cancel, or revoke a liquor license where, after a proper hearing, the licensee has been found to have violated a provision of the Nebraska Liquor Control Act, a regulation adopted pursuant to the Act, or a lawful ordinance of a local governing body.
Neither the Nebraska Statutes nor Nebraska Supreme Court precedent recognize any authority on the part of the Nebraska Liquor Control Commission to suspend, cancel, or revoke a liquor license if a customer commits an unlawful act after leaving the licensed premises.
The Commission has promulgated a rule prohibiting licensees from knowingly allowing certain illegal activities to be committed on the licensed premises or in adjacent related outdoor areas (237 Nebraska Administrative Code LCC 6.019.01Q). Neither this rule nor other rules of the Commission allow the Commission to take action against a licensee who sells alcoholic beverages to a sober customer over the age of 21, for consumption off the premises, when that customer later consumes the beverages in an unlawful manner or commits other offenses away from the licensed premises.County Cork v. Nebraska Liquor Control Commission,550 N.W.2d 913, 250 Neb. 456 (1996), the Nebraska Supreme Court found that the Commission's authority to take action against a licensee based upon illegal activities occurring within the licensed premises is was very limited, and that the Commission may not expand its limited statutory authority through the rule-making process.
In this opinion, we do not address the question of whether a liquor licensee may refuse to sell alcoholic beverages to an individual when the licensee suspects that the individual may later consume the beverages unlawfully or engage in other illegal activities away from the licensed premises. It is incumbent upon licensees to seek legal advice from their own lawyers regarding their potential liability for selling alcoholic beverages and/or refusing to sell alcoholic beverages to such customers.
Because our advice to the Commission must be limited to an analysis of the Commission's powers and duties, we conclude that the Commission may not take action against a liquor licensee unless the licensee has violated a provision of the Nebraska Liquor Control Act, the regulations of the Commission promulgated under the act, or a lawful ordinance of the local governing body.
Sincerely,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General