REQUESTED BY: M.L. Dierks, Nebraska State Senator
You have requested the opinion of this office regarding the constitutionality of granting a nonprofit corporation certain powers under the Nebraska Pork Industry Development Act (hereinafter "the Act"). This bill, LB 803, as amended by AM 1079, purports to designate a state pork association for Nebraska pork producers and to describe this organization's duties and powers. Our analysis herein will focus solely on the version of LB 803 amended by AM 1079, as you requested.
You have posed two specific questions. First, you ask whether LB 803 § 9(3) properly delegates authority to promulgate and enforce rules and regulations to a nonprofit corporation which is not a state agency. Second, you ask whether, if the current scheme in LB 803 § 9(3) is improper, the legislature can grant the authority to promulgate and enforce rules and regulations to a state agency, while maintaining the authority to collect and spend pork checkoff funds within the nonprofit corporation.
The Act describes a recognized state association of pork producers for the purpose of accepting check off funds from the federal National Pork Board, and prescribes procedures by which the Nebraska pork industry may finance programs of pork promotion, research and information. LB 803 §§ 2 3. To remain consistent with recent changes to the federal pork promotion program administered by the federal Secretary of Agriculture, it is necessary to establish a separate Nebraska board for administering checkoff funds which is distinct from the lobbying, candidate endorsement and member services formerly provided by the state association. LB 803 § 3(4). Formation of a nonprofit corporation to represent pork producers and administer checkoff funds, named the Nebraska Pork Industry Development Board (hereinafter "the Board"), is encouraged by the Act. LB 803 § 3(5) § 4(1). The Nebraska Director of Agriculture would review documents submitted by any nonprofit corporation seeking to be the recognized state association, the Director would make a recommendation to the Governor, and the Governor would designate a single nonprofit corporation as the recognized state association. LB 803 §§ 7 5. The designated association would receive funds procured by the federal Pork Promotion, Research, and Consumer Information Act of 1985, or procured by the state through the Nebraska Pork Industry Development Act, if the federal act ceases to collect assessments. 7 U.S.C. § 4802(16),7 U.S.C. § 4809(c), LB 803 §§ 10(1) 12. The Board would have the powers and duties described in Section 9 of LB 803, including as relevant to your specific inquiries, the following authority:
"Sec. 9. The powers and duties of the board shall include the following: . . .
 (3) To adopt and promulgate such rules and regulations as are necessary to enforce the state act in accordance with the Administrative Procedure Act;. . . ."
I. NONPROFIT CORPORATION'S AUTHORITY TO PROMULGATE AND ENFORCE REGULATIONS
Your first question is whether § 9(3) of the Act properly delegates authority to promulgate and enforce rules and regulations to a nonprofit corporation which is not a state agency. Initially, we must briefly consider whether or not the nonprofit corporation is a state agency. The Nebraska Nonprofit Corporation Act describes the general powers granted to a nonprofit corporation. Neb. Rev. Stat. § 21-1928 (Reissue 1997). Nonprofit corporations may only be incorporated for the purposes described by statute, which include charitable, educational or agricultural purposes and commercial or trade associations. Neb. Rev. Stat. § 21-1927(b). There is no mention in the Nebraska Nonprofit Corporation Act that these corporations may promulgate or enforce rules and regulations upon non-stockholders. All powers granted to a nonprofit corporation are granted by the state through the Nebraska Constitution and the mentioned statutes. Clark v. Lincoln Liberty Life Ins. Co.,139 Neb. 65, 69, 296 N.W. 449, 453 (1941), citing Neb. Const. art. XII, § 1.
A state agency is granted the authority to promulgate rules and regulations under the Administrative Procedures Act. Neb. Rev. Stat. 84-901 et. seq (Reissue 1999). A state agency includes boards, commissions, departments, officers, divisions and other administrative offices of the state government. Unless they are constitutionally created officers or agencies, agencies have only that authority explicitly granted by statute. F T, Inc. v. Nebraska Liquor Control Com'n, 7 Neb. App. 973, 981,587 N.W.2d 700, 706 (1998). The Nebraska Supreme Court describes this authority:
The Legislature does have power to authorize an administrative or executive department to make rules and regulations to carry out an expressed legislative purpose, or for the complete operation and enforcement of a law within designated limitations.
Kwik Shop, Inc. V. City of Lincoln, 243 Neb. 178, 186,498 N.W.2d 102, 108 (1993).
It does not appear that a nonprofit corporation can be considered a state agency, at least not for the purposes of promulgating and enforcing rules and regulations under the Administrative Procedures Act. State agencies which have received a specific grant of authority to promulgate rules and regulation are the only agencies which can utilize the Administrative Procedures Act. Neb. Rev. Stat. § 84-901(1). The grant of authority to the legislature to create executive branch agencies in Neb. Const. art. III, § 1 is separate and distinct from the legislature's authority to provide for the existence of corporations in Neb. Const. art. XII, § 1. Many state statutes describe what a state agency is, but none of these mention nonprofit corporations as state agencies. See Neb. Rev. Stat. § 25-1802 (Reissue 1995) (awards fees and expenses in suits against state, and defines what state entities are subject to these suits); Neb. Rev. Stat. § 49-1424 (Reissue 1998) (defines governmental body for purposes of accountability and disclosure act) and Neb. Rev. Stat. § 81-2703 (Reissue 1999) (defines state agency for purposes of government effectiveness act).
We have examined a similar question regarding the constitutionality of a legislative delegation of rule making authority to a nonprofit corporation in a prior opinion of this office. In that opinion a nonprofit corporation, which would operate a one-call notification system under a proposed One-call Notification System Act, could not constitutionally be authorized to promulgate rules or regulations which would have any legal effect. Op. Att'y Gen. No. 92129 (December 22, 1992). We see no reason the Board, a nonprofit corporation, should be any different from the nonprofit corporation discussed in our prior opinion.
Considering all of the above authorities, in our opinion it is very likely that creating a nonprofit corporation to promulgate and enforce rules and regulations administering the Act, without the involvement of any governmental agency, would be an unconstitutional delegation of authority. Further, any such regulations purportedly promulgated by the Board would not be enforceable by the Board or any other entity.
II. NONPROFIT CORPORATION'S ABILITY TO ADMINISTER PORK CHECKOFF FUNDS
You further inquire whether the legislature can grant the authority to promulgate and enforce regulations to a state agency, if the LB 803 § 9 provisions delegating such authority to a nonprofit corporation are improper. Your question specifically asks if the Board can engage in the collection and expenditure of pork checkoff funds.
You mention the Nebraska Department of Agriculture as a potential state agency to administer the pork promotion program. Using the Department of Agriculture (hereinafter "the Department") as an example, in our opinion, so long as the legislature properly delegates the authority to promulgate and enforce rules and regulations to the Department, it could administer the Act. County Cork, Inc. v. Nebraska Liquor Control Com'n, 250 Neb. 456, 459,550 N.W.2d 913, 916 (1996). In delegating administrative authority, the Nebraska Supreme Court has stated that: "The limitations of the powers granted and the standards by which the granted powers are to be administered must, however, be clearly and definitely stated in the authorizing act." Lincoln Dairy Co. v. Finigan, 170 Neb. 777, 104 N.W.2d 227 (1960).
The amount of authority which the Department and the Board would have is dependent upon the existence of a federal pork assessment scheme. If the U.S. Secretary of Agriculture, through the National Pork Board, is the entity which will be collecting assessments from Nebraska pork producers, then it appears, under the current Act, the Board would be the recipient of funds. 7 U.S.C. § 4803. If the Act were amended as suggested herein, the Department would be the likely recipient. The federal statutes require that the entity receiving the funds from assessments be the Governor-designated state association, be an organization organized under Nebraska law, and be recognized as representing the pork producers of Nebraska. 7 U.S.C. § 4802(16). It appears that either the Department or the Board could be the recipient of the funds. The Board, if it were the assessment recipient, would not have the authority to assess checkoff funds under the Pork Promotion, Research and Consumer Information Act itself. That authority rests solely with the Secretary of Agriculture. 7 U.S.C. § 4803. The Secretary of Agriculture or the U.S. Attorney General would be responsible for enforcing the payment of assessments by Nebraska pork producers.7 U.S.C. § 4815.
Since the authority rests with the Secretary of Agriculture to collect assessments, it would appear that the fund management and disbursement provisions of LB 803 would be utilized by the Board, much like similar federal rules are utilized by the Nebraska Pork Producers Association currently. The Act must comply with and follow the federal statute and regulations, as any conflicts would result in the Act being partially or totally preempted. In describing the Supremacy Clause of the US Constitution, U.S. Const., art. VI, cl. 2, the Supreme Court has stated: "Federal preemption of state law may be either express or implied, and `is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose.'" Gade v. National Solid Wastes Management Ass'n,505 U.S. 88, 98, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992). In effect, the Board may receive the checkoff funds in compliance with U.S.C. § 4801 et. seq. and expend those funds in compliance with the federal scheme and LB 803 requirements.
If the Secretary of Agriculture, or any other federal agency, no longer assesses pork checkoff funds from producers under a federal program, then the Act's assessment provisions appear to come into effect. LB 803 §§ 10 to 16. At that time, the Board would have the authority and responsibility of assessing and collecting check-off funds from producers under the Act. LB 803 §§ 9 
12. However, as stated above, the Board, as a private nonprofit corporation, would have no authority to enforce violations of LB 803. Further, we believe the legislature's granting of assessment authority to a nonprofit corporation, through the delegation of rule making authority, is an unconstitutional delegation of power.
If LB 803 is amended to allow the Department or any other state agency to be the entity responsible for assessment and collection of checkoff funds from producers, upon the termination of such federal assessment, in our opinion the problems described above would be eliminated. We are aware of no legal prohibition precluding the legislature from authorizing the Department or other state agency to contract with the recognized state pork association to receive, disburse, and otherwise manage checkoff funds the Department or another agency had collected. Any such contract would have to comply with the Act, and with any regulations promulgated by the administering state agency. The Board would have the authority, under contract and the regulatory supervision of the the administering state agency, to properly manage and expend the checkoff funds collected.
 III. CONCLUSION
The Act provides for the Board, a nonprofit corporation, to be the recognized state association for pork producers. The Act grants the Board the authority to assess and collect checkoff funds from Nebraska pork producers, by rule and regulation. This grant of authority to the Board is, in our opinion, an unconstitutional delegation of authority to a private entity which is not a state agency. Further, any rules or regulations purportedly promulgated by the Board would be unenforceable and void.
Under the current federal assessment scheme, the Secretary of Agriculture is responsible for assessing and collecting the checkoff funds from Nebraska pork producers. The Board could be the recognized state association receiving funds from the federal program under the Act, but would derive virtually all of its authority from the federal act and regulations. The Department could also be the recipient of checkoff funds under the federal act, and could properly promulgate rules and regulations to administer those funds. If the federal assessment scheme ended, then a state checkoff scheme could be approved under the Act. Although, in our opinion, the Board is not able to promulgate rules and regulations to enforce a state checkoff assessment, it is possible that the legislature could grant a state agency the authority to collect and assess checkoff funds from pork producers. The legislature could authorize the transfer of funds to the Board for management and disbursement, under the supervision of the designated agency.
 Sincerely, DON STENBERG Attorney General
 William R. Barger Assistant Attorney General
Approved:
______________________________
Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
14-189-TM