Eileen SEAMON, et al., Plaintiffs,

v.

The BELL TELEPHONE COMPANY OF PENNSYLVANIA and the Federation of Telephone Workers of Pennsylvania, Defendants.

Civ. A. No. 82–1801.

United States District Court,
W.D. Pennsylvania.

Sept. 23, 1983.

John P. Spina, Behrend, Aronson & Morrow, Pittsburgh, Pa., for plaintiff.

Edward N. Stoner, II, Pittsburgh, Pa., David L. Williams, The Bell Telephone Co. of Pa., Philadelphia, Pa., for defendant Bell Telephone Co.

Myron B. Markel, Pittsburgh, Pa., Robert C. Cohen, Philadelphia, Pa., for defendant Federation of Telephone Workers.

## MEMORANDUM OPINION

WEBER, District Judge.

■ Plaintiffs have filed a Motion to Remand this action to the state court from which it was removed. We conclude that plaintiffs' complaint states a federal cause of action which could have been filed originally in the district court and is therefore properly removed under 28 U.S.C. § 1441(a) & (b). Plaintiffs' motion will therefore be denied.

Plaintiffs filed this action in the Court of Common Pleas of Allegheny County.[1] The complaint alleges a breach of the collective bargaining agreement, breach of the defendant Union's duty of fair representation, conspiracy and intentional infliction of emotional distress. The complaint arises from the transfer of the plaintiff-wife from one Bell office to another and the Union's subsequent refusal to back her objections to the transfer.

Defendant Company, with the consent of the Union, properly filed a petition for removal with the Court of Common Pleas. Plaintiffs have now filed a Motion to Remand, contending that the complaint does not state a federal claim but only a state claim which does not give rise to federal jurisdiction.

Plaintiffs' argument is controverted by the very first sentence of its complaint:

1. This is an action for damages under the Labor-Management Relations Act of 1947 as amended, USCA, Title 29 Sec. 141 et seq. and 159(a).

The complaint makes all jurisdictional allegations necessary for an action under the LMRA. Each party is identified by his status under the federal statute. The complaint alleges that defendant Bell is engaged in interstate commerce as defined in 29 U.S.C. § 152(2). If this complaint was intended to allege a cause of action under state law alone, these allegations are all surplusage.

Furthermore, the substantive allegations of the complaint clearly state a federal cause of action against both defendants under the LMRA. Allegations against defendant Bell are essentially that the Company wilfully violated the collective bargaining agreement on various points. The Union is alleged to have breached its duty to provide fair representation, a duty rooted in federal law. In a suit against a Union for breach of its duty of fair representation, the Supreme Court stated, "although we conclude that state courts have jurisdiction in this type of case, we hold that federal law governs ...". *Vaca v. Sipes*, 386 U.S. 171, 174, 87 S.Ct. 903, 908, 17 L.Ed.2d 842 (1967). Together these claims against the Company and the Union present a hybrid situation with "no close analogy to ordinary state law." *DelCostello v. International Brotherhood of Teamsters*, —— U.S. ——, ——, 103 S.Ct. 2281, 2291, 76 L.Ed.2d 476 (1983).

■ Plaintiffs urge upon us the basic postulate that the propriety of the removal petition is to be determined solely by reference to the face of the complaint. We readily accept this well-established principle. Plaintiffs then readily discard it, and argue in a brief bearing the misnomer of

---

1. Plaintiff-wife previously filed a Title VII action in this court which was dismissed with prejudice by stipulation of counsel and order of this court. Defendants have indicated an intention to raise res judicata principles as a bar to the instant action.

"Affidavit" that despite the plain language of the complaint only a state cause of action has been intended and alleged.

After examination of the complaint and consideration of both its unmistakable language and underlying allegations, we conclude that it states a federal cause of action against both defendants properly removable to this court.

The defendant Company has characterized the Motion to Remand as frivolous and has urged this court in its brief to award attorney's fees to cover the cost of opposing the motion. However, no motion for attorney's fees has been filed and no statement of the amount sought has been submitted. Defendant may file any motion for reasonable attorney's fees incurred in opposition to the Motion to Remand on or before the 7th day of October 1983. This motion shall be accompanied by an affidavit setting forth an itemized schedule of costs and fees incurred in opposing the motion. We make no determination at this time as to the propriety of such an award of attorney's fees.

An appropriate order will issue.