RICK E. ROBINSON, APPELLANT, V. CUSHMAN, INC., APPELLEE.

496 N.W.2d 923

Filed March 12, 1993.   No. S-90-995.

Robert F. Bartle, of Healey Wieland Law Firm, for appellant.

Andrew D. Strotman and, on brief, Kathleen A. Jaudzemis, of Cline, Williams, Wright, Johnson & Oldfather, for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

BOSLAUGH, J.

The plaintiff, Rick E. Robinson, has appealed from the order of the district court sustaining the demurrer of the defendant, Cushman, Inc., and dismissing the plaintiff's petition.

As we are required to do, we accept as true all facts which were well pled in the plaintiff's amended petition and any proper and reasonable inferences of law and fact which can be drawn therefrom, the record shows the following.

The plaintiff was employed by the defendant from June 1984 until he received a notice of discharge on February 28, 1990.

On August 25, 1989, the plaintiff was injured in the course of

his employment. As a result of this injury, he was required to discontinue working.

In January 1990, the plaintiff informed his supervisor that he could return to work but that his physician advised him that he should not attempt to lift more than 15 pounds of weight. The plaintiff's supervisor told him to return home and not to report back until he could work without restriction.

On February 28, 1990, the plaintiff was notified by the defendant that his employment had been terminated. The plaintiff was not allowed any opportunity for grievance and arbitration procedures as provided in the collective bargaining agreement.

The plaintiff filed a petition in the district court alleging a violation of the Nebraska Civil Rights Act, breach of contract and a violation of Nebraska public policy. The defendant demurred to the plaintiff's first amended petition, and the demurrer was sustained and the petition dismissed.

The labor contract between the plaintiff's union and the defendant provided the terms and conditions governing the plaintiff's relationship with the defendant. Excerpts from the labor contract are attached to and made a part of the amended petition. Article III of the collective bargaining agreement between the defendant and the union provides that in the event an employee is to be discharged, the defendant must ask the employee if he desires union representation. The appropriate union representative is to be notified immediately and allowed a reasonable amount of time to discuss the matter with the employee. The union representative may file a grievance on behalf of the discharged employee with the Director of Industrial Relations within 48 hours of discharge. If the Director fails to resolve the grievance, the employee has 10 days to appeal to arbitration. The arbitrator's decision is "final and binding on the Union, its members, the employee involved and the Company."

The sole issue upon the appeal is whether the district court erred in sustaining the defendant's demurrer and dismissing the plaintiff's petition. The defendant contends that the plaintiff's causes of action are preempted by federal law. The plaintiff argues that his causes of action are not preempted by federal

law because they are independent state causes of action that can be resolved without interpreting the collective bargaining agreement.

Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) (1988), grants federal courts jurisdiction over actions "for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce." The United States Supreme Court has interpreted § 301 as preempting state-law causes of action in situations where resolution of the state-law claim depends substantially upon interpreting the terms of the collective bargaining agreement. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 1915, 85 L.Ed.2d 206 (1985). If the state-law cause of action is "inextricably intertwined with consideration of the terms of the labor contract," it is preempted. *Id.* at 213, 105 S.Ct. at 1912.

Section 301 is not applicable in all situations in which a collective bargaining agreement is involved. When the resolution of a state-law cause of action does not require construction of the collective bargaining agreement, preemption is inapplicable. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407, 108 S.Ct. 1877, 1882, 100 L.Ed.2d 410 (1988).

In determining whether resolution of a state law cause of action requires interpretation of the collective bargaining agreement, defenses as well as the allegations found in the complaint must be considered. *Johnson v. Anheuser Busch, Inc.*, 876 F.2d 620, 623 (8th Cir. 1989). When the elements of the state law claim do not require reference to a collective bargaining agreement, the cause is not preempted by federal law. *Id.* at 625.

The plaintiff's first cause of action alleges a violation of Neb. Rev. Stat. § 20-148 (Reissue 1987) in that his civil rights were violated because he was wrongfully terminated without just cause and there was no hearing regarding the plaintiff's discharge. The plaintiff's second cause of action alleges that the defendant breached the collective bargaining agreement by failing to follow the procedures outlined in Article III stated above. The plaintiff's final cause of action alleges that he was

discharged without just cause and due process while on workers' compensation disability in violation of Nebraska public policy.

In all three causes of action the plaintiff's rights are dependent upon the provisions of the labor contract. The plaintiff has alleged that the defendant failed to pursue the grievance procedures provided in the collective bargaining agreement. A number of courts have determined that state law claims involving allegations of failure to pursue grievance procedures are preempted by federal law. See, *Hyles v. Mensing*, 849 F.2d 1213 (9th Cir. 1988), where employee's claim for emotional distress under California law which was grounded on assertion that employer failed to process grievance was held preempted; *Izzo v. AT&T Communications, Inc.*, 1987 WL 26102 (N.D. Ill.) where employee's state-law claim for intentional infliction of emotional distress for failure to pursue grievance was preempted; and *Seamon v. Bell Telephone Co.*, 571 F.Supp. 1073 (W.D. Pa. 1983) where employee's cause of action for breach of collective bargaining agreement was held to state a federal cause of action which was properly removed to federal district court.

In *United SteelWorkers v. Rawson*, 495 U.S. 362, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990), the United States Supreme Court held that a wrongful death action by survivors of miners who were killed in an underground fire against the United Steelworkers of America was preempted by federal law. In that case, the collective bargaining agreement between the union and the Sunshine Mine provided that the union would be responsible for accident prevention programs. The complaint alleged that the miners' deaths were proximately caused by fraudulent and negligent acts of the union in failing to perform its duties as provided in the collective bargaining agreement.

The Supreme Court held:

> If the Union failed to perform a duty in connection with inspection, it was a duty arising out of the collective-bargaining agreement signed by the Union as the bargaining agent for the miners. Clearly, the enforcement of that agreement and the remedies for its breach are matters governed by federal law.

*Id.* at 371, 110 S.Ct. at 1910.

In this case, all three of the plaintiff's causes of action require reference to the collective bargaining agreement's section on grievance procedures in order to resolve the claims. Any duty to follow grievance procedures arose out of the collective bargaining agreement, the enforcement of which and the remedy for its breach are governed by federal law. Thus, all three of the plaintiff's causes of action are "inextricably intertwined with the collective bargaining agreement and . . . preempted by section 301." *Johnson, supra* at 624.

The plaintiff's claims are preempted by federal law and the demurrer was properly sustained. The judgment is affirmed.

AFFIRMED.

HASTINGS, C.J., not participating.