MEMORIAL HOSPITAL OF DODGE COUNTY, APPELLEE, V.
CHERYL L. PORTER, APPELLANT, AND DAN DOLAN,
COMMISSIONER OF LABOR, STATE OF NEBRASKA, APPELLEE.

557 N.W.2d 21

Filed December 20, 1996.   No. S-95-1045.

Laura A. Lowe, of Cobb, Hallinan, & Ehrlich, P.C., for appellant.

Douglas D. Johnson for appellee Memorial Hospital.

John F. Sheaff and John H. Albin for appellee Dolan.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

In this unemployment benefits action, Memorial Hospital of Dodge County claims the Nebraska Court of Appeals erred in holding that Memorial Hospital's former employee, Cheryl L. Porter, is entitled to receive both temporary total disability workers' compensation benefits and unemployment benefits.

We granted Memorial Hospital's petition for further review and affirm the decision of the Court of Appeals.

## ASSIGNMENTS OF ERROR

Restated, Memorial Hospital claims the Court of Appeals erred in (1) construing Neb. Rev. Stat. § 48-628(e)(2) (Cum. Supp. 1994), currently codified as Neb. Rev. Stat. § 48-628(5)(b) (Cum. Supp. 1996), in a manner which leads to an absurd, unjust, and unconscionable result; (2) concluding a claimant is entitled to receive unemployment insurance benefits and temporary total disability workers' compensation benefits at the same time; and (3) failing to follow precedent of the Nebraska Appeal Tribunal.

## STANDARD OF REVIEW

In an appeal from the appeal tribunal to the district court regarding unemployment benefits, the district court conducts the review de novo on the record, but on review by the Court of Appeals or the Supreme Court, the judgment of the district court may be reversed, vacated, or modified for errors appear-

ing on the record. *Dillard Dept. Stores v. Polinsky*, 247 Neb. 821, 530 N.W.2d 637 (1995).

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996); *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996); *County Cork v. Nebraska Liquor Control Comm.*, 250 Neb. 456, 550 N.W.2d 913 (1996).

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Seevers v. Potter*, 248 Neb. 621, 537 N.W.2d 505 (1995); *Proctor v. Minnesota Mut. Fire & Cas.*, 248 Neb. 289, 534 N.W.2d 326 (1995); *Nebraska Life & Health Ins. Guar. Assn. v. Dobias*, 247 Neb. 900, 531 N.W.2d 217 (1995).

## FACTS

Porter was a full-time employee of Memorial Hospital and earned $230 per week. Her duties included shampooing and buffing the hospital's floors. In March 1994, Porter sustained an on-the-job injury to her rotator cuff, which required surgery. As a result of her injury, Porter began receiving workers' compensation benefits effective March 22, 1994, in the amount of $153.54 per week for being temporarily totally disabled. On October 18, Porter's doctor released her to light-duty work, but prohibited her from lifting, pulling, or pushing anything over 10 pounds. Memorial Hospital could not accommodate these restrictions and, on November 4, terminated Porter as an employee because she had exceeded the hospital's 6-month medical leave limitation. Thereafter, Porter applied for jobs that were within the physical limitations set by her doctor. She could not find such employment. She then applied for unemployment benefits.

In her application for unemployment benefits, Porter explained to a Nebraska Department of Labor claims deputy that she was receiving temporary total disability workers' com-

pensation benefits. Relying upon § 48-628(e)(2), the department's claims deputy determined that Porter's receipt of workers' compensation for her temporary total disability did not disqualify her from receiving unemployment benefits.

Events that disqualify a claimant from receiving unemployment benefits are set out in § 48-628. Subsection (e)(2) specifically disqualifies an individual from receiving unemployment benefits if the applicant is receiving workers' compensation for temporary *partial* disability.

On December 24, 1994, Porter began receiving $126 per week in unemployment benefits, in addition to the $153.54 workers' compensation benefit she was receiving.

On March 8, 1995, Memorial Hospital asked the department to determine whether Porter was eligible to receive unemployment benefits while she was receiving workers' compensation benefits. The department determined that Porter was unable to work in her previous occupation, but nevertheless was able to work and, therefore, was entitled to unemployment benefits, if benefits were otherwise payable. A short time later, Memorial Hospital asked the department to determine whether Porter's receipt of workers' compensation was a disqualifying event under § 48-628(e), thereby disqualifying Porter from receiving unemployment benefits. A department claims deputy determined that Porter's receipt of workers' compensation for temporary total disability did not disqualify her from receiving unemployment benefits.

Memorial Hospital appealed the claims deputy's determination to the appeal tribunal. The appeal tribunal, following the "plain, clear and unambiguous language of Neb. Rev. Stat., Sec. 48-628(e)(2)," found that workers' compensation payments for temporary total disability do not disqualify an individual from receiving unemployment benefits.

Memorial Hospital filed a "Petition for Review and Praecipe" with the district court for Dodge County. The district court reversed the appeal tribunal's holding. It concluded that a construction based upon the "literal meaning" of § 48-628(e)(2) would defeat the Nebraska Legislature's intent and would lead to an absurd result because receipt of both payments gave Porter more money than she received while employed by the hospital.

Porter timely appealed the district court's ruling to the Court of Appeals. That court determined that under the plain language of § 48-628(e)(2), a person is disqualified from receiving unemployment benefits if he or she is also receiving workers' compensation benefits for temporary *partial* disability. The Court of Appeals held that because Porter was receiving benefits for temporary *total* disability, the disqualifying events specifically stated in § 48-628(e)(2) did not apply to her.

This court granted Memorial Hospital's petition for further review.

## ANALYSIS

The issue in this case, a question of first impression before this court, is whether Porter's receipt of workers' compensation benefits for temporary total disability disqualifies her from receiving unemployment benefits. To resolve this issue, it is necessary to examine § 48-628(e)(2), currently codified as § 48-628(5)(b), which provides in relevant part:

An individual shall be disqualified for benefits:

. . . .

. . . For any week with respect to which he or she is receiving or has received remuneration in the form of . . . compensation for temporary *partial* disability under the workers' compensation law of any state or under a similar law of the United States . . . .

(Emphasis supplied.)

Under the explicit language of this provision, Porter is disqualified from receiving unemployment benefits if she receives temporary *partial* disability payments under the workers' compensation law. Porter does not receive temporary *partial* disability; she receives temporary *total* disability. Both phrases, "temporary partial" and "temporary total," have specific and different meanings under the Nebraska Workers' Compensation Act. See *Heiliger v. Walters & Heiliger Electric, Inc.*, 236 Neb. 459, 461 N.W.2d 565 (1990) (discussing difference between total and partial disability). Temporary partial disability does not mean, nor does it include, temporary total disability. The words of § 48-628 are plain, direct, and unambiguous. Therefore, we will not resort to unnecessary interpretation to

ascertain their meaning. See, *Seevers v. Potter*, 248 Neb. 621, 537 N.W.2d 505 (1995); *Proctor v. Minnesota Mut. Fire & Cas.*, 248 Neb. 289, 534 N.W.2d 326 (1995).

Memorial Hospital contends in its third assignment of error that because the appeal tribunal offset temporary total disability workers' compensation payments against unemployment benefits in In re Franklin, vol. 88, No. 1349 (1988), this court should find that the Legislature did not intend for claimants to simultaneously receive temporary total disability and unemployment benefits. We disagree. In the present case, the appeal tribunal considered In re Franklin and properly rejected it, deciding instead to follow the plain, clear, and unambiguous language of the statute. Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by a lower court or tribunal. See, *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996); *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996); *County Cork v. Nebraska Liquor Control Comm.*, 250 Neb. 456, 550 N.W.2d 913 (1996).

Memorial Hospital also contends that our holding in *Sorensen v. Meyer*, 220 Neb. 457, 370 N.W.2d 173 (1985), prohibits Porter from receiving both workers' compensation and unemployment benefits. Again, we disagree.

In *Sorensen*, we held that the claimant was disqualified from receiving unemployment benefits for any period in which the claimant received severance payments. We held that a lump-sum severance payment must be prorated to determine unemployment benefits. In *Sorensen*, this court compared the statutory provision of Neb. Rev. Stat. § 48-627(e) (Reissue 1984), which was silent on the issue, with § 48-628(e) (Reissue 1984), which mandated that a lump-sum severance payment be prorated when determining disqualification. We then determined that because § 48-628(e) spoke directly to severance payments, they must be included in determining whether a claimant is disqualified from receiving unemployment benefits. In *Sorensen*, this court reviewed the specific language of the applicable statute and found that the statute spoke directly to severance payments.

In the present case, this court has reviewed the specific language of the applicable statute and finds that the Legislature singled out specific events which disqualify an individual from receiving unemployment benefits and that temporary total disability was not included.

We decline to expand the language of the statute in its current form, § 48-628(5)(b), to include temporary total disability as a disqualifying event for receipt of unemployment benefits. The plain language of § 48-628(5)(b) does not provide any basis for disqualifying or prorating the amount of unemployment benefits received by Porter. To adopt Memorial Hospital's arguments would effectively amend the statute, a power properly reserved for the legislative branch of government. We leave any statutory change in Nebraska's unemployment benefits law to the Legislature.

## CONCLUSION

We affirm the judgment of the Nebraska Court of Appeals.

AFFIRMED.

WRIGHT, J., not participating.