March 12, 1999

No.  3--98--0460

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1999

JAMES M. WOODS and )  Appeal from the Circuit Court

JOELL L. WOODS, )  of the 13th Judicial Circuit,

)  Bureau County, Illinois,

)

Plaintiffs-Appellants, )

)

v. )  No.  97--LM--52

)

GEORGE E. PENCE, IONE K. )  

PENCE, MICHAEL PARTIN, )  

and VERN BURWELL, )  Honorable

)  A. Scott Madson,

Defendants-Appellees. )  Judge, Presiding.

_________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

Plaintiffs James and Joell Woods filed a complaint seeking damages for violation of the Illinois Residential Real Property Disclosure Act (Disclosure Act) (765 ILCS 77/20 
et seq. 
(West 1996)) and for negligent misrepresentation arising from plaintiffs' purchase of a residence from defendants George and Ione Pence.  The trial court granted summary judgment in favor of the Pences, and plaintiffs now appeal from that judgment.  Plaintiffs' claims against defendants Michael Partin and Vern Burwell, real estate agents involved in the transaction, were dismissed and are not at issue on appeal.  We affirm in part and reverse in part and remand for further proceedings.

I.  Facts

A.  Overview

Plaintiffs purchased a house in Princeton, Illinois, from the Pences on August 9, 1996.  Prior to that time, the Pences had completed and signed a residential real property disclosure report and had delivered it to plaintiffs.  The report stated that the Pences were not aware of leaks or material defects in the roof of the house.  After purchasing the house, plaintiffs continued to live at their original home, which had not yet been sold.  On March 1, 1997, while working on the house, a substantial rainfall occurred and plaintiffs saw water leaking from the roof and running down from the second floor to the basement.  Plaintiffs obtained estimates for repairing and replacing the roof and they alleged damages of $30,000.

B.  Evidence of previous repairs

In the spring of 1992, defendant George Pence became aware of a leak in the roof.  The defendant had William Williams, a general contractor, put patching compound on the roof.  No further leaks were noted until the summer of 1993 or 1994, when a leak occurred in the same general area.  Williams again put patching compound on the roof.  In October or November of 1995 the roof leaked again.  After patching the roof for the third time, Williams told the defendant that the roof would have to be replaced at some point, but no specific time frame was mentioned.

In addition to these repairs, the record contains portions of Williams' deposition testimony indicating that another man, Steve Birdsley, had also done repairs to the roof.  These repairs apparently occurred in September of 1991 and sometime in 1992.

C.  Plaintiffs' knowledge of the leaks

Plaintiff James Woods testified at his deposition that when he and his wife walked through the house during an open house, he noted "evident" water damage in the dining room to the window sill, baseboard and floor, as well as damage to the ceiling and floor in the master bedroom.  When plaintiff received the disclosure report indicating no roof leaks, it raised questions in his mind.  The realtors told plaintiff those questions would be addressed at the final walk-through prior to closing, but no walk-through occurred.

II.  Analysis

A.  Standard of review

Summary judgment should be granted only when the pleadings, affidavits, depositions, admissions and exhibits on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005(c) (West 1996); 
Berlin v. Sarah Bush Lincoln Health Center, 
179 Ill. 2d 1, 688 N.E.2d 106 (1997).  In ruling on a summary judgment motion, the trial court must construe the pleadings, depositions, and affidavits strictly against the movant and in favor of the opposing party.  
Dowd & Dowd, Ltd. v. Gleason, 
181 Ill. 2d 460, 693 N.E.2d 358 (1998).  Summary judgment is a drastic measure of disposing of litigation and it should only be granted when the movant's right to relief is clear and free from doubt.  
Dowd, 
181 Ill. 2d 460, 693 N.E.2d 358.  Our review of an order granting summary judgment is 
de novo.  Dowd, 
181 Ill. 2d 460, 693 N.E.2d 358; 
Berlin, 
179 Ill. 2d 1, 688 N.E.2d 106.

B.  Count I -- Violation of the Disclosure Act

Count I of plaintiffs' complaint alleged that defendants falsely represented that they were not aware of any leaks or material defects in the roof, in violation of the Disclosure Act.  The Act requires a seller of residential real property to complete a disclosure report containing various statements about the condition of the property.  Statement number five reads:  "I am aware of leaks or material defects in the roof, ceilings, or chimney."  765 ILCS 77/35 (West 1996).  Defendants placed a mark in the "no" column next to that statement.

Section 55 of the Disclosure Act provides that one who knowingly violates the Act, or discloses information on the report known to be false, is liable for actual damages and court costs.  765 ILCS 77/55 (West 1996).  The court may also award reasonable attorney fees to the prevailing party.  765 ILCS 77/55 (West 1996).  Section 25 provides, however, that the seller is not liable for any error, inaccuracy or omission made without the seller's knowledge, or where the error, inaccuracy or omission "was based on a reasonable belief that a material defect or other matter not disclosed had been corrected."  765 ILCS 77/25(a) (West 1996).

In granting the defendants' motion for summary judgment, the trial court stated that it believed the Disclosure Act was based on "the old common law action of fraud and deceit" and therefore required that defendants' knowingly make a false statement.  The court found that "[t]here is no evidence here that the defendants *** knew that the representation when made was false having a good faith belief that repair had been done."  The court also remarked that "you have to show some form of active concealment" and there was no evidence of active concealment.

We agree with the trial court's assertion that a violation of the Disclosure Act must be done knowingly.  The Act specifically imposes liability for a 
knowing 
violation of the duties prescribed by the Act or for disclosing information on the report that is 
known 
to be false.  See 765 ILCS 77/55 (West 1996).  We disagree, however, with the court's conclusion that there was no evidence that the defendants knew their statement was false.  Evidence of at least three, and perhaps as many as five repairs in a four year period raises at least an inference of a chronic condition that had never been permanently eliminated.  See 
Connor v. Merrill Lynch Realty, Inc., 
220 Ill. App. 3d 522, 581 N.E.2d 196 (1991) (whether defendant's statement regarding flooding of basement was knowingly false was question of fact).  In addition, the trial court's reliance on defendants' good faith belief that the roof had been repaired was inappropriate.  Although the Disclosure Act excuses errors or omissions that are based on a reasonable belief that a defect has been corrected, the reasonableness of any such belief is generally a question of fact, precluding summary judgment.  See 
Robinson v. Econ-O-Corporation, Inc., 
62 Ill. App. 3d 958, 379 N.E.2d 923 (1978) (reasonable belief is a question of fact); 
Marcus v. Liebman, 
59 Ill. App. 3d 337, 375 N.E.2d 486 (1978) (same).  

We also note that, contrary to the trial court's belief, plaintiffs need not prove that defendants actively concealed the problem with the roof.  The Disclosure Act requires the seller to disclose known defects and imposes liability for failure to do so; concealment is not mentioned in the Act.  Similarly, the fact that plaintiffs were aware of water damage to the residence does not preclude liability.  While the disclosure report is not a substitute for inspections or warranties, buyers are entitled to rely on the truthfulness of the statements contained therein.  See 765 ILCS 77/35 (West 1996).  A seller who knowingly makes a false statement is subject to liability under the Act; no exception is made because of a buyer's knowledge of the defect.  
Cf. 
765 ILCS 77/25 (West 1996) (providing that seller is not liable for errors or omissions made without knowledge, or based on a reasonable belief that defects had been corrected or based on information provided by others).  We believe, however, that a buyer's knowledge of a defect may be relevant to the amount of damages awarded to a successful plaintiff.  Section 55 provides for an award of 
actual 
damages.  765 ILCS 77/55 (West 1996).  Presumably, any defect of which the buyer was aware would be reflected, to a greater or lesser extent, in the purchase price of the house, thereby reducing those damages.

The purpose of a summary judgment proceeding is not to try issues of fact but is to determine whether any triable issues exist.  
Staton v. Amax Coal Co., 
122 Ill. App. 3d 631, 461 N.E.2d 612 (1984).  A triable issue exists where there is a dispute concerning material facts or where those facts are undisputed but reasonable persons might draw different inferences from those facts.  
In re Estate of Hoover, 
155 Ill. 2d 402, 615 N.E.2d 736 (1993).  We believe that issues of fact exist regarding whether defendants knowingly made a false statement about the condition of the roof and whether they had a reasonable belief that the roof had been repaired.  We therefore reverse the summary judgment on count I of plaintiffs' complaint and remand for further proceedings.

[The material omitted is nonpublishable under Supreme Court Rule 23].

III.  Conclusion

We reverse the trial court's entry of summary judgment on count I of plaintiffs' complaint and we remand for further proceedings.  We affirm the entry of summary judgment on count II.

For the reasons stated above, the judgment of the circuit court is affirmed in part and reversed in part and remanded.

Affirmed in part and reversed in part; cause remanded.

BRESLIN and HOMER, J.J., concur.