DAVID AND JULIE BOHM, APPELLANTS, V. DMA PARTNERSHIP AND HOME REAL ESTATE, INC., GRAND ISLAND, APPELLEES.

607 N.W.2d 212

Filed February 29, 2000. No. A-99-148.

Dale R. Romatzke and Vikki S. Stamm, of Ross, Schroeder & Romatzke, for appellants.

William A. Francis, of Cunningham, Blackburn, Francis, Brock & Cunningham, for appellee Home Real Estate.

HANNON, SIEVERS, and INBODY, Judges.

SIEVERS, Judge.

David and Julie Bohm brought an action to recover water damage repair costs they incurred on two pieces of residential property they purchased from DMA Partnership (DMA), through DMA's agent, Home Real Estate, Inc., Grand Island (Home). The Bohms claimed that DMA and Home failed to provide a disclosure statement as required by Neb. Rev. Stat. § 76-2,120 (Reissue 1996), and as a result, they suffered financial injury when they had to repair undisclosed water drainage and damage problems. DMA and Home demurred, claiming that there was a misjoinder of parties and that the Bohms failed to state a claim upon which relief may be granted. The Hall County Court sustained the demurrer. The Bohms chose to stand on their petition, which was dismissed, and they appealed to the district court for Hall County, which affirmed the county court decision. The Bohms then filed this appeal.

## BACKGROUND

As a ruling on a demurrer is involved, the law requires that we accept as true all facts which were well pled in the Bohms' petition together with any proper and reasonable inferences of law and fact which can be drawn therefrom. See *Robinson v. Cushman, Inc.*, 242 Neb. 830, 496 N.W.2d 923 (1993). Using that standard, the pleadings show the following:

On or about April 10, 1997, the Bohms entered into a purchase agreement to purchase Lots 6 and 7, Block 3, Lambert's Second Addition, commonly known as 704 and 708 North Broadwell, Grand Island, Nebraska (the property), from DMA through Home. Shortly after entering into the purchase agreement, and prior to closing the sale, the Bohms "became aware" that the property had water "drainage problems" which had not been previously disclosed by DMA. DMA conveyed the property to the Bohms in accordance with the purchase agreement on June 11, 1997. DMA failed to execute and deliver a disclosure statement as required by § 76-2,120. The Bohms allege that due to DMA's failure to provide a disclosure statement, they have "suffered injury" totaling $4,421 because the "Defendant did not disclose previous water damage to the Plaintiffs." The Bohms allege that Home also had knowledge of the water dam-

age and failed to disclose such in a written disclosure statement as well. The Bohms seek $4,421 in damages from DMA and Home severally.

DMA's and Home's demurrers were heard on August 17, 1998, before the Hall County Court. The county court considered the allegations and found that § 76-2,120 did not effect a substantive change in the law but merely provided a mechanism by which a seller of real estate was required to notify a buyer of any latent defects in a property. The county court determined that the Bohms could recover under § 76-2,120 if they showed (1) that there was some defect to the premises; (2) that the defect was known to DMA and/or Home; (3) that the information with respect to the defect was not within the reach of the reasonable diligent attention, observation, and judgment of the Bohms; and (4) that such defect resulted in damage to the Bohms. In the context of these four elements, the county court sustained both DMA's and Home's demurrers, finding that the Bohms failed to state a cause of action in their petition. However, the court did not specify what was lacking in the Bohms' petition. The Bohms then elected to stand on their petition, which was dismissed. The Bohms then appealed the county court decision to the Hall County District Court.

The matter came before the district court on December 21, 1998. That court found that § 76-2,120 placed a duty on DMA to provide the Bohms with a disclosure statement. The court also concluded that Home could be liable only if a disclosure statement was actually provided and that because no disclosure statement was provided, Home could not be liable. The district court determined that the facts, as pled, excluded Home from any cause of action under the statute because a disclosure statement was not provided to the Bohms.

The district court then found that while § 76-2,120 does provide a buyer with a cause of action when a seller breaches his or her statutory duty to provide a disclosure statement, the statute fails to state the specifics of the cause of action. The district court noted that the statute provides that "the disclosure statement is not an inspection or warranty which the purchaser can rely upon," and that the purchaser must therefore "revert back to common law concerning failure to disclose in real estate trans-

actions." The district court determined that § 76-2,120(11) "must only mean that a purchaser can bring a cause of action against the [seller] for failure to disclose and any consequential damages, including attorney's fees and costs as a result of failing to disclose [and] not include actual damages caused by misleading or committing fraud by concealment." The Bohms timely appealed to this court.

## ASSIGNMENTS OF ERROR

We reduce the Bohms' 13 assignments of error to (1) whether § 76-2,120 effected a substantive change of law and (2) whether the county court erred in sustaining both demurrers.

## STANDARD OF REVIEW

■ Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the courts below. *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998).

■ In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Larson v. Demuth*, 252 Neb. 668, 564 N.W.2d 606 (1997). Whether a petition states a cause of action is a question of law regarding which an appellate court has an obligation to reach a conclusion independent of that of the lower court. *Cobb v. Sure Crop Chem. Co.*, 255 Neb. 625, 587 N.W.2d 355 (1998).

## ANALYSIS

The Bohms contracted to purchase the property from DMA through Home on April 10, 1997. A short time after contracting to purchase the property, the Bohms "became aware" of "drainage problems." DMA failed to provide a written disclosure statement as required by § 76-2,120. However, with knowledge of the water problems, the Bohms proceeded to purchase the property on June 11, 1997. Now, the Bohms claim that as a result of DMA's and Home's failure to disclose the "drainage

problems," they suffered $4,421 in "previous water damage." The Bohms base their entire cause of action on § 76-2,120. This statute has not been previously discussed by the appellate courts. We must determine whether the Bohms have stated a cause of action under this statute.

 We readily conclude that under the language and definitions of § 76-2,120, the Bohms are purchasers, DMA is the seller, and Home is DMA's agent, and that the subject property and undisclosed water problems are within the statute's ambit. Thus, we dispense with discussion of those matters. Section 76-2,120 provides:

(2) On and after January 1, 1995, each seller of residential real property located in Nebraska shall provide the purchaser with a written disclosure statement of the real property's condition. . . .

(3) The disclosure statement shall include language at the beginning which states:

. . . .

(d) That the statement is a disclosure of the real property's condition as known by the seller on the date of disclosure;

(e) That the statement is not a warranty of any kind by the seller or any agent representing a principal in the transaction;

(f) That the statement should not be accepted as a substitute for any inspection or warranty that the purchaser may wish to obtain;

(g) That even though the information provided in the statement is not a warranty, the purchaser may rely on the information in deciding whether and on what terms to purchase the real property;

. . . .

(i) That the information provided in the statement is the representation of the seller and not the representation of any agent and that the information is not intended to be part of any contract between the seller and purchaser.

(4) In addition to the requirements of subsection (3) of this section, the disclosure statement shall disclose the

condition of the real property and any improvements on the real property . . . .

. . . .

(5) The disclosure statement shall be completed to the best of the seller's belief and knowledge as of the date the disclosure statement is completed and signed by the seller. If any information required by the disclosure statement is unknown to the seller, the seller may indicate that fact on the disclosure statement and the seller shall be in compliance with this section.

. . . .

(7) The disclosure statement shall be delivered by the seller to the purchaser or the agent of the purchaser on or before the effective date of any contract entered into on or after January 1, 1995, which binds the purchaser to purchase the real property, and the purchaser shall acknowledge in writing receipt of the disclosure statement.

(8) The seller shall not be liable under this section for any error, inaccuracy, or omission of any information in a disclosure statement if the error, inaccuracy, or omission was not within the personal knowledge of the seller.

(9) A person representing a principal in the transaction shall not be liable under this section for any error, inaccuracy, or omission of any information in a disclosure statement unless that person has knowledge of the error, inaccuracy, or omission on the part of the seller.

. . . .

(11) If a conveyance of real property is not made in compliance with this section, the purchaser shall have a cause of action against the seller and may recover the actual damages, court costs, and reasonable attorney's fees. The cause of action created by this section shall be in addition to any other cause of action that the purchaser may have. Any action to recover damages under the cause of action shall be commenced within one year after the purchaser takes possession or the conveyance of the real property, whichever occurs first.

The general rules of statutory construction require that statutory language is to be given its plain and ordinary meaning

where possible, and when the words of the statute are plain, direct, and unambiguous, an appellate court should not indulge in interpretation. See *Memorial Hosp. of Dodge Cty. v. Porter*, 251 Neb. 327, 557 N.W.2d 21 (1996). An appellate court will, if possible, give effect to every word, clause, and sentence of a statute, since the Legislature is presumed to have intended every provision to have a meaning. See *id.* With these principles, we address the errors assigned.

*Whether § 76-2,120 Effected Substantive Change of Law.*

The county court found that § 76-2,120 did not effect a substantive change in the law but merely provided a mechanism by which a seller is required to notify a buyer of latent defects in property. We do not agree. The statute, by its clear terms, places a duty upon a seller of certain real estate to provide a written disclosure statement to a buyer, whereas no specific duty to provide the written disclosure statement existed at common law. See § 76-2,120(2). The seller also has the duty to complete the statement to the best of his or her knowledge, § 76-2,120(5), and deliver said disclosure to the purchaser before the effective date of the sale, § 76-2,120(7). While the disclosure is said not to be a warranty, the purchaser may still rely on the information contained in the disclosure statement when deciding whether to buy said property, thereby reducing the purchaser's burden of discovering defects by giving the buyer access to the seller's knowledge. § 76-2,120(3)(g). The statute also specifically provides that "the purchaser shall have a cause of action against the seller," § 76-2,120(11), if the conveyance is not made in compliance with § 76-2,120; again, this is a statutory remedy which did not exist at common law. Finally, the statute provides its own 2-year statute of limitations for such cause of action, indicating that this cause of action is to be treated differently from other common-law actions with varying statutes of limitation. See, Neb. Rev. Stat. § 25-207 (Reissue 1995) (4-year limitation for fraud); Neb. Rev. Stat. § 25-205 (Reissue 1995) (5-year limitation on written contract). We hold that § 76-2,120 provides a purchaser of real estate with a new cause of action in addition to any other common-law or statutory cause of action a purchaser of real estate may have, which is not to suggest that the statute allows for a double recovery. Thus, a purchaser, such as the

Bohms here, may plead a cause of action for recovery of "actual damages" based on a violation of § 76-2,120. Nonetheless, a purchaser may bring such an action in conjunction with any other theory of recovery for the same damage. Therefore, we find that as a matter of law, the county court erred when it found that § 76-2,120 did not effect a substantive change in the law.

We now turn to the elements of this new cause of action which must be pled and proved to recover, as well as what damages may be recovered by the purchaser. We also consider the extent of the agent's liability. Section 76-2,120 requires a seller of real property to execute and deliver a written disclosure of the real property's condition to the purchaser on or before the effective date of any contract for the sale of such realty. The disclosure must be completed to the best of the seller's knowledge and belief as of the date of disclosure. Noncompliance creates a cause of action in the purchaser against the seller for actual damages. A seller is not liable for any error, inaccuracy, or omission in a disclosure statement which was not within the seller's personal knowledge. Thus, violations of § 76-2,120 must be done knowingly. See, *Woods v. Pence*, ___ Ill. App. 3d ___, 708 N.E.2d 563, 236 Ill. Dec. 977 (1999).

*Woods* is an Illinois case which involves a statute much like § 76-2,120. The Illinois statute, "765 ILCS 77" et seq., requires a seller to provide a disclosure statement and imposes liability on one who knowingly violates the Illinois Residential Real Property Disclosure Act or provides information known to be false. ___ Ill. App. 3d at ___, 708 N.E.2d at 565, 236 Ill. Dec. at 979. The facts in *Woods* are also analogous to our case, although the case involved a motion for summary judgment; nonetheless, it is instructive. The appellants purchased a home from the appellees. Unlike our case, the appellees provided a disclosure statement which indicated no water leakage problems, when in actuality, the roof leaked and needed to be replaced. Like our case, the appellants noticed the water damage problems prior to completing the purchase of the home. After purchasing the property, with knowledge of the water problems, the appellants sued the appellees to recover the $30,000 repair expense associated with replacing the roof. The lower court sustained the appellees' summary judgment motion, finding that although the appellees

may have had knowledge of the defective roof, the appellees had not tried to conceal the defect and had reasonably believed that the problem had been corrected through numerous repairs. The Illinois Court of Appeals reversed, finding the issue of the appellees' reasonable belief to be a jury question rendering summary judgment inappropriate. Concerning the elements of proof, the *Woods* court stated:

> We also note that, contrary to the trial court's belief, plaintiffs need not prove that defendants actively concealed the problem with the roof. The Disclosure Act requires the seller to disclose known defects and imposes liability for failure to do so; concealment is not mentioned in the Act. Similarly, the fact that plaintiffs were aware of water damage to the residence does not preclude liability. While the disclosure report is not a substitute for inspections or warranties, buyers are entitled to rely on the truthfulness of the statements contained therein. [Citation omitted.] A seller who knowingly makes a false statement is subject to liability under the Act; no exception is made because of a buyer's knowledge of the defect. [Citation omitted.] We believe, however, that a buyer's knowledge of a defect may be relevant to the amount of damages awarded to a successful plaintiff. [The Act] provides for an award of *actual* damages. [Citation omitted.] Presumably, any defect of which the buyer was aware would be reflected, to a greater or lesser extent, in the purchase price of the house, thereby reducing those damages.

(Emphasis in original.) ___ Ill. App. 3d at ___, 708 N.E.2d at 565, 236 Ill. Dec. at 979.

 We agree with *Woods* that the buyer's knowledge of undisclosed damage in a cause of action for failure to provide a disclosure statement is relevant on the extent of damages, but does not provide a total defense. We find the reasoning of *Woods* to be logical and consistent with the obvious purpose of our statute, which at its core is to get sellers to give buyers the written disclosure statement. Therefore, we hold that a buyer states a cause of action under § 76-2,120 when a seller fails to comply with the written disclosure requirement, even though the seller has knowledge of the undisclosed condition. Thus, the buyer

must plead and prove either that the seller failed to provide a disclosure statement or that the statement contained knowingly false disclosures by the seller. The statute makes the "actual damages" which the buyer has sustained as a result of the violation of the statute recoverable. See § 76-2,120(11). While "actual damages" were not precisely pled by the Bohms, imprecision or defect in the pleadings and prayer for damages does not make a petition subject to a demurrer. See, *Larson v. Marsh*, 144 Neb. 644, 14 N.W.2d 189 (1944); *Burnham v. Bennison*, 121 Neb. 291, 294, 236 N.W. 745, 747 (1931) (prayer for relief which was characterized as " 'next step to the Lord's prayer' " held sufficient and not subjecting pleading to demurrer).

A review of the petition shows that the Bohms allege that contrary to § 76-2,120, DMA failed to disclose a water drainage and damage problem that was known to DMA at the time of transfer, and that as a result, they "suffered injury." Therefore, the county court improperly sustained DMA's demurrer, and the district court erred in affirming the county court's decision as to DMA.

*Whether County Court Erred in Sustaining Home's Demurrer.*

The Bohms also assert that the county court, and then the district court on appeal, erred in sustaining Home's demurrer. Our reading of § 76-2,120 shows that only the seller has the main statutory duties. For instance, § 76-2,120(2) imposes a duty on the seller to "provide the purchaser with a written disclosure . . . . The disclosure statement shall be executed by the seller." Moreover, the information in the disclosure is "the representation of the seller and not the representation of any agent." § 76-2,120(3)(i). Additionally, the disclosure statement is to be completed to the best of the "seller's belief," § 76-2,120(5), and delivered by the "seller to the purchaser or the agent of the purchaser," § 76-2,120(7). Finally, the statute specifically provides that if the conveyance is not made in compliance with the statute, the "purchaser shall have a cause of action against the seller," and there is no mention of any action against an agent. § 76-2,120(11). Statutes which effect a change in common law or take away a common-law right should be strictly construed. *Lackman v. Rousselle*, 257 Neb. 87, 596 N.W.2d 15 (1999).

 The only provision even remotely allowing for liability against an agent is found at § 76-2,120(9), which provides: "A person representing a principal in the transaction shall not be liable under this section for any error, inaccuracy, or omission of any information in a disclosure statement unless that person has knowledge of the error, inaccuracy, or omission on the part of the seller." Strictly construing the statute as we must do, we first note that the statute speaks of a person representing a principal, making no distinction between a seller's agent or a buyer's agent. However, such liability is limited, by the terms of the statute, to any error, inaccuracy, or omission of any information *in* a disclosure statement. Furthermore, the statute states that no agent is liable unless it is specifically shown that the agent "has knowledge of the error, inaccuracy, or omission *on the part of the seller.*" (Emphasis supplied.) § 76-2,120(9). We find that an agent can be liable only when (1) a disclosure statement is actually provided by the seller; (2) the seller knowingly provided a statement containing errors, inaccuracies, or omissions; and (3) the agent knew that the seller had actual knowledge of the error, inaccuracy, or omission at the time the seller provided the statement. In this case, no disclosure statement was ever provided. A disclosure statement is a statutory prerequisite for any liability against the agent. It is not our place to address the wisdom or coherence of this statutory scheme. This case is resolved by strictly construing the plain language of a statute which is in derogation of the common law. Therefore, the district court correctly affirmed the county court's order sustaining Home's demurrer, remembering that the normal opportunity to amend after a demurrer is sustained, if it is possible to cure the problem, is not applicable here because the Bohms stood on their petition. See *Lawry v. County of Sarpy*, 254 Neb. 193, 575 N.W.2d 605 (1998).

Finally, the Bohms argue, however, that § 76-2,120 extends liability to an agent who fails to provide a disclosure statement just as it imposes liability on the seller. We do not read the statute so broadly. Moreover, a review of the Bohms' petition shows that they allege that Home failed to provide any information regarding water damage and that Home "had knowledge of the water damage." Home's knowledge of the defect is not suf-

ficient. The Bohms would have to allege and prove that Home had knowledge, not of the defect, but of the DMA's knowledge of the defect at the time DMA made the disclosure. But there was no disclosure statement and thus no agent liability.

## CONCLUSION

The county erred in sustaining the demurrer of DMA and dismissing the case against that defendant. However, there was no error in sustaining the demurrer of Home. We remand for further proceedings as to DMA.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR FURTHER PROCEEDINGS.